**Larry HOWARD, Petitioner–Appellant,**

v.

**Samuel A. LEWIS, Director of Arizona State Prison; Robert Corbin, Arizona Attorney General, Respondents–Appellees.**

No. 89–15123.

United States Court of Appeals, Ninth Circuit.

Argued* and Submitted March 12, 1990.

Decided June 18, 1990.

---

* Because the Petitioner–Appellant could not be present at oral argument, he participated via telephone conference.

Larry Howard, Florence, Ariz., pro se.

Barbara A. Jarrett, Asst. Atty. Gen., Phoenix, Ariz., for respondents-appellees.

Before FLETCHER, PREGERSON and NELSON, Circuit Judges.

PREGERSON, Circuit Judge:

In this case, we must decide whether the district court properly dismissed appellant Howard's successive habeas petition on the ground that a prior judgment denying relief on the identical claims was final. Howard argues that the dismissal of his prior habeas petition on the ground of state procedural default was not a determination "on the merits," and, thus, his present petition should not be barred.

We hold that, in general, a dismissal of a federal habeas petition on the ground of state procedural default is a determination "on the merits" for purposes of the successive petition analysis in *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). However, for the reasons stated below, we remand this matter to the district court to determine whether the unique circumstances surrounding the dismissal of Howard's prior petition warrant a finding that the determination of his prior petition was not "on the merits" for purposes of the *Sanders* analysis.

BACKGROUND

In July 1980, Petitioner–Appellant Larry Howard was tried and convicted in an Arizona state court of five criminal counts: three counts of assault with a deadly weapon on a police officer; one count of unlawful flight; and one count of auto theft. To challenge this conviction, Howard has filed two petitions for writ of habeas corpus in

United States courts, the first on November 12, 1985,[1] and the second, which is the subject of this appeal, on February 25, 1988.

I. First Habeas Petition—Cause No. 85–2498

On November 12, 1985, Howard filed a pro se petition for writ of habeas corpus in the United States District Court, District of Arizona pursuant to 28 U.S.C. § 2254 (Cause No. 85–2498), while serving his sentence in the Arizona state prison system.[2] Howard's habeas petition raised three claims: (1) involuntariness of confession; (2) ineffective assistance of counsel; and (3) insufficiency of the evidence.

On or about October 22, 1986, the Arizona Attorney General filed a motion to dismiss. The Arizona Attorney General conceded that no further avenues of relief existed for Howard in the state court regarding the claims he made in his habeas petition. The Arizona Attorney General alleged, however, that Howard was barred from obtaining federal habeas relief on those claims because of state procedural defaults. Howard did not file a response to the motion to dismiss. In this appeal, Howard alleges that he was prevented from filing a response to the motion to dismiss by the Arizona prison authorities.[3]

On June 10, 1987, United States Magistrate Michael Mignella, Jr. filed a recommendation and report to the district court. The report summarized the state court procedural history, which supported the Arizona Attorney General's allegation that Howard was barred from obtaining federal habeas relief on each of his claims because of state procedural default. The report stated that Howard failed to set forth any facts in his 1985 federal habeas petition that would establish cause for his state

1. Howard had previously filed a federal habeas petition on March 1, 1985 which is not relevant to this proceeding.

2. The Arizona Attorney General filed a motion to dismiss Howard's original habeas petition, filed on November 12, 1985. In response, Howard requested and was granted leave to amend

the petition. All future references to the 1985 habeas petition are to the amended petition.

3. This claim is included in a lawsuit filed by Howard pursuant to 42 U.S.C. § 1983 against various officers in the Arizona state prison system.

procedural defaults. The report stated further that Howard had in fact failed to respond to the Arizona Attorney General's motion to dismiss filed October 26, 1986, though the district court had advised Howard that failure to respond would constitute consent to granting the motion pursuant to Arizona U.S. District Court Local Rule 11(h), and though the district court had granted him three extensions of time, until March 17, 1987, to respond to the motion.

On September 11, 1987, United States District Court Judge Roger G. Strand issued an order denying Howard's petition for writ of habeas corpus. Judge Strand found that Howard failed to respond to the Arizona Attorney General's motion to dismiss, filed October 22, 1986, and consequently, per Arizona U.S. District Court Local Rule 11(h),[4] was deemed to have consented to the granting of the Attorney General's motion to dismiss. In addition, Judge Strand ruled on the merits that Howard was "barred from obtaining federal habeas relief" with respect to each of his claims "due to procedural default and his failure to establish cause for his [state] procedural defaults." Judge Strand also ruled that Howard did not establish "that his [was] 'an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent ...' so as to justify habeas relief in the absence of a showing of cause for his procedural defaults."

Howard did not appeal the denial of his 1985 petition for writ of habeas corpus. In this appeal, he alleges that he did not learn about the September 11, 1987 disposition of the 1985 petition until February 9, 1988.

Howard alleges that he found out about the denial of his 1985 petition only after he submitted a motion requesting disposition of the habeas petition, and received a response dated February 9, 1988 stating that final judgment had been entered September 11, 1987.

## II. Second Habeas Petition—Cause No. 88–0310

On February 25, 1988, Howard filed a second pro se petition for writ of habeas corpus, the denial of which is the subject of this appeal. In this petition, Howard alleged three grounds for habeas relief: (1) denial of effective assistance of counsel; (2) insufficiency of the evidence; and (3) the introduction at trial of a coerced confession.

On April 21, 1988, the Arizona Attorney General filed a motion to dismiss Howard's second petition for writ of habeas corpus. The Arizona Attorney General alleged that Howard's 1988 petition should be dismissed pursuant to Rule 9(b), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, because the three claims he raised in the 1988 habeas petition are identical to the claims he raised in the 1985 habeas proceeding. The Arizona Attorney General also alleged that Howard failed to supplement his constitutional claims in the 1988 habeas proceeding with any colorable showing of factual innocence.

Howard timely filed a response to the Arizona Attorney General's motion to dismiss on May 13, 1988. Howard conceded that his 1988 habeas petition raised the identical three claims he had raised in his 1985 habeas petition. He argued, however,

---

**4.** Arizona District Court Local Rule 11(h), at the time of the September 11, 1987 district court order, stated in pertinent part:

Briefs or Memoranda of Law. A failure to file a brief or memorandum of points and authorities in support of or in opposition to any motion shall constitute a consent on the part of the party failing to file such brief or memorandum to the denial or granting of the motion.

The substance of Local Rule 11(h) is currently found in Local Rule 11(i), which states:

Briefs or Memoranda of Law; Effect of Non-Compliance. If a motion does not conform in

all substantial respects with the requirements of this Rule, or if the opposing party does not serve and file the required answering memoranda, or if counsel for any party fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

Fed.Proc.Rules Service, District Court for the District of Arizona, Rule 11(i) (Bancroft–Whitney 1989–90).

that the district court failed to make any determination "on the merits" of his 1985 petition and thus he should not be barred from obtaining habeas relief in the 1988 proceeding.

On August 30, 1988, Magistrate Mignella issued a recommendation and report which stated that the district court's determination regarding the 1985 habeas petition was on the merits; that the "ends of justice" would not be served by reaching the merits of the 1988 petition because Howard did not supplement his claims with any showing of factual innocence; and, that the successive 1988 habeas petition should be dismissed on the ground that the "prior judgment denying relief on the identical claims was final." The magistrate recommended that the Arizona Attorney General's motion to dismiss be granted and that the petition for writ of habeas corpus be denied.

On September 12, 1988, Howard filed a response to Magistrate Mignella's recommendation. On December 12, 1988, Judge Strand denied Howard's petition for writ of habeas corpus adopting in full Magistrate Mignella's report and recommendation dated August 30, 1988.

Howard timely filed a Notice of Appeal on January 4, 1989. Judge Strand issued a Certificate of Probable Cause on January 12, 1989. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 2253.

## STANDARD OF REVIEW

■ Generally, a district court's decision whether to grant or deny a petition for habeas corpus is reviewed de novo. *United States v. Popoola*, 881 F.2d 811, 812 (9th Cir.1989); *Norris v. Risley*, 878 F.2d 1178, 1180 (9th Cir.1989). We review for an abuse of discretion a district court's decision to deny consideration on the merits of a petition for habeas relief on the basis that the petition is successive. *Neuschafer v. Whitley*, 860 F.2d 1470, 1474 (9th Cir. 1988), *cert. denied,* —— U.S. ——, 110 S.Ct. 264, 107 L.Ed.2d 214 (1989).

## DISCUSSION

The successive petition doctrine governing habeas petitions filed pursuant to 28 U.S.C. § 2254 was formulated by the Supreme Court in *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963) and is found in Rule 9(b), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, and 28 U.S.C. § 2244(b).

The Supreme Court in *Sanders* stated:

Controlling weight may be given to denial of a prior application for federal habeas corpus ... relief only if (1) the same ground presented in the subsequent application was determined adversely to the appellant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

*Sanders*, 373 U.S. at 15, 83 S.Ct. at 1077.[5]

The focus of our attention in this case is on part two of the *Sanders* test, i.e., whether the district court's determination of the 1985 habeas petition was "on the

**5.** *See also* Rule 9(b), Rules Governing § 2254 Cases:

Successive Petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
28 U.S.C. foll. § 2254; 28 U.S.C. § 2244(b):
When after an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue of law, a person in custody pursuant to the judgment of a State court has been denied by a court of the United States or a justice or judge of the United States release from custody or other remedy on an application for a writ of habeas corpus, a subsequent application for a writ of habeas corpus in behalf of such person need not be entertained by a court of the United States or a justice or judge of the United States unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the court, justice, or judge is satisfied that the applicant has not on the earlier application deliberately

merits." [6] Our analysis of this question is twofold. We first must determine whether the dismissal of a habeas petition on the ground of state procedural default is a determination "on the merits." We then must decide whether granting a motion to dismiss, where the petitioner was deemed to have consented to the granting of the motion pursuant to Arizona U.S. District Court Local Rule 11(h) because the petitioner failed to respond to the motion, is an adjudication "on the merits."

## I. Dismissal for State Procedural Default

■ Whether the dismissal of a habeas petition for state procedural default is a determination "on the merits" is a question of law. We review questions of law de novo. *United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.) (en banc) *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

The district court denied Howard's 1985 habeas petition because it found that Howard was barred by state procedural default from bringing each of his three claims and that he had failed to establish cause for his state procedural defaults. We have not previously decided whether the dismissal of a habeas petition on the basis of state procedural default is a decision "on the merits" for purposes of the successive petition doctrine. We now hold that it should be considered a decision "on the merits" under part two of the *Sanders* test.

The *Sanders* Court stated that for a court to dismiss a successive petition "[t]he prior denial must have rested on an adjudication of the merits of the ground presented in the subsequent application." 373 U.S. at 16, 83 S.Ct. at 1077. While a court, in dismissing a petition because of state

procedural default (and a failure to show cause and prejudice), is *not* determining the merits of the underlying claims, it *is* making a determination on the merits that the underlying claims *will not* be considered by a federal court for reasons of comity. *See Wainwright v. Sykes,* 433 U.S. 72, 84, 87, 97 S.Ct. 2497, 2505, 2506, 53 L.Ed.2d 594 (1977) (citing *Francis v. Henderson,* 425 U.S. 536, 538–39, 96 S.Ct. 1708, 1709–10, 48 L.Ed.2d 149 (1976)); *Jackson v. Cupp,* 693 F.2d 867, 869 & n. 2 (9th Cir.1982). Such a determination should be considered "on the merits" for purposes of the successive petition doctrine.

Though there is an absence of Ninth Circuit authority, other circuits have decided that dismissals of federal habeas petitions for failure to exhaust state remedies are not determinations "on the merits" for purposes of the successive petition doctrine. *See Simpson v. Wainwright,* 488 F.2d 494, 495 (5th Cir.1973); *Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir.1973); *United States, Ex Rel. Senk v. Brierley,* 471 F.2d 657, 659–60 (3rd Cir.1973); *Krupnick v. Crouse,* 366 F.2d 851, 852 (10th Cir.1966).[7] However, a dismissal for failure to exhaust state remedies is distinguishable from a dismissal for state procedural default. In the former situation, the state courts have not rendered a decision regarding the merits of defendant's claims, but the opportunity is still open for the defendant to obtain a disposition on the merits of his or her claims in the state courts. After exhausting state court remedies, a subsequent federal petition for habeas corpus could be entertained while preserving the principles of federal-state comity. In the case of state procedural default, a state court has not rendered a decision regarding the merits of the defendant's claims, but the defendant has no further

---

withheld the newly asserted ground or otherwise abused the writ.

**6.** Part one of the *Sanders* test is not at issue here because all three claims Howard raised in his 1985 habeas petition were determined adversely to him and he concedes that they are the same three claims he presented in his 1988 petition.

**7.** In a similar context, we have determined that a district court correctly dismissed a habeas petition because the defendant failed to exhaust his *administrative* remedies, but found that once the defendant had exhausted his administrative remedies, he could file a subsequent habeas petition. *Tatum v. Christensen,* 786 F.2d 959, 964 (9th Cir.), *overruled on other grounds, Wallace v. Christensen,* 802 F.2d 1539 (9th Cir.1986).

opportunity to obtain a disposition on the merits of his or her claims in the state courts. In a subsequent petition raising the same claims that were dismissed previously on the basis of state procedural default, the interest underlying the dismissal of the first petition, i.e., federal-state comity, is still present. *See generally Buffalo v. Sunn*, 854 F.2d 1158, 1162–63 (9th Cir. 1988) (discussing the doctrines of exhaustion of state remedies and state procedural default).

We conclude, therefore, that the dismissal of a federal habeas petition on the ground of state procedural default is a determination "on the merits" for the purposes of the successive petition doctrine.

## II. Dismissal Pursuant to Arizona U.S. District Court Local Rule 11(h)

█ While in most cases, we would not need to proceed beyond the foregoing analysis to determine whether a decision to dismiss on the ground of state procedural default was "on the merits," this case presents an additional issue. Ordinarily, the questions whether (1) the petitioner procedurally defaulted in the state court, and (2) the petitioner established cause and prejudice for that default, would be determined after a full hearing in district court. However, in the proceeding on the 1985 habeas petition, Howard did not present his arguments regarding the state procedural defaults and the establishment of cause and prejudice for those defaults. He failed to respond to the Arizona Attorney General's motion to dismiss the 1985 petition, where the issue of Howard's state procedural defaults was first raised.

Because Howard failed to respond, the district court, pursuant to Arizona District Court Local Rule 11(h), found that Howard was deemed to have consented to the granting of the Attorney General's motion to dismiss. The district court therefore found, in its September 11, 1987 order, that Howard was "barred from obtaining habeas relief due to procedural default and his failure to establish cause for the procedural defaults."

There is no authority on whether a decision made pursuant to Arizona U.S. District Court Local Rule 11(h) is "on the merits." Such a ruling, in this case, however, is analogous to a default judgment which *is* considered to be a determination on the merits for purposes of res judicata. *See Morris v. Jones*, 329 U.S. 545, 550–51, 67 S.Ct. 451, 455–56, 91 L.Ed. 488 (1947); 1B J. Moore, J. Lucas, T. Currier, *Moore's Federal Practice* ¶ .409[1.–2], [4] (2d ed. 1988). However, "legal rules and presumptions fully operative in other contexts must not be 'construed to derogate from the traditional liberality of the writ of habeas corpus.'" *Johnson v. Lumpkin*, 769 F.2d 630, 637 (9th Cir.1985) (quoting *Sanders*, 373 U.S. at 11, 83 S.Ct. at 1075). In *Lumpkin*, we noted that "dismissals with prejudice are generally treated as preclusive decisions on the merits." 769 F.2d at 637. We held, however, that the defendant was not barred from bringing a successive petition even though he had voluntarily dismissed a prior habeas petition with prejudice: "the dismissal of petitioner's habeas corpus petition with prejudice at his request did not constitute a decision 'on the merits' for purposes of 2244(b) or *Sanders*." *Id.* We found in *Lumpkin* that the defendant had not received the federal hearing or the independent federal review to which he was entitled. *Id.* at 637. Our reasoning in that case is applicable here.

Howard alleges that he attempted on two occasions to mail to the district court a response to the Arizona Attorney General's motion to dismiss the 1985 habeas petition, but that the Arizona prison authorities prevented his response from reaching the Arizona U.S. District Court. Howard's allegations regarding his failure to respond to the motion to dismiss the 1985 habeas petition should perhaps have been included in a motion for reconsideration or a direct appeal of the September 11, 1987 order. However, Howard alleges that he did not receive timely notice of the September 11, 1987 order. He alleges that he did not know of the final judgment until February 9, 1988, when the district court clerk responded to his motion for disposition with a notice that final judgment had been en-

tered in the cause on September 11, 1987. Howard filed the instant habeas petition on February 25, 1988. While this fact is certainly not dispositive, it lends some credence to Howard's version of the facts. If Howard was not made aware of the September 11, 1987 order until February 9, 1988, he may have believed in good faith that it was too late to file a motion to reconsider or an appeal in that proceeding, and alternatively filed the subsequent habeas petition.[8]

Certainly, there is a strong interest in preventing defendants from bringing repetitive, meritless petitions. In general, when a party has completely failed to respond to a motion without good cause, granting a motion pursuant to Arizona U.S. District Court Local Rule 11(h) may be considered a determination "on the merits" for purposes of the *Sanders* test. In this case, however, Howard's arguments regarding the state procedural defaults and cause for the defaults have not been heard by a federal court, allegedly through no fault of his own. Because it is possible that Howard has yet to receive "the federal hearing ... to which he is entitled," *Lumpkin* at 637, we hold that the district court's disposition of this petition, pursuant to Arizona U.S. District Court Local Rule 11(h), is not a determination "on the merits" for purposes of *Sanders* if Howard can prove that his efforts to file papers in opposition to the motion to dismiss the 1985 habeas petition were indeed frustrated by Arizona prison officials.

Therefore, we remand this matter to the district court for a determination of the cause for Howard's failure to respond to the Arizona Attorney General's motion to dismiss the 1985 habeas petition. If the district court finds that Howard was prevented from responding by Arizona prison authorities, Howard's successive petition should not be dismissed. However, if the district court is not convinced of Howard's

allegations regarding his failure to respond, the district court's determination of his 1985 habeas petition should be considered "on the merits." If the district court makes the latter finding, the 1988 petition should be dismissed because we find, as discussed in the following section, that part three of the *Sanders* test—the "ends of justice" would not be served by reaching the merits of the subsequent application, *Sanders*, 373 U.S. at 15, 83 S.Ct. at 1077—has not been satisfied in this case.

### III. Ends of Justice Analysis

For this court to affirm a dismissal or denial on the ground of successiveness, the district court must either make a specific finding that the "ends of justice" would not be served by reaching the merits or its views on this point must be clear from the record. *Chard v. United States*, 578 F.2d 1317, 1318 (9th Cir.1978). In this case the magistrate, whose recommendation was adopted as the order of the court, explicitly found that "the ends of justice would not be served by reaching the merits of this petition." In reaching this conclusion, the magistrate relied on the standard enunciated by a plurality of the Supreme Court in *Kuhlmann v. Wilson*, 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986). In *Kuhlmann*, a plurality of four justices concluded "that the 'ends of justice' require federal courts to entertain such petitions only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence." 477 U.S. at 454, 106 S.Ct. at 2627. The magistrate found that Howard had not "supplemented his claims with any showing of factual innocence."

It is clear that under the *Kuhlmann* standard, the district court did not abuse its discretion in finding that "the ends of justice would not be served by reaching the merits" because it properly determined that Howard did not supply facts that

**8.** At the telephone conference/oral argument, counsel for the Arizona Attorney General was asked if she had a record of whether Howard received notice of the district court's September 11, 1987 order. Counsel replied that the Arizona Attorney General's file on the 1985 habeas petition had been destroyed, and thus she could not produce any record of Howard being sent notice. She stated further, however, that it is the district court's general practice to send notice of a final judgment to a pro se habeas petitioner.

would tend to establish his innocence. It has not been decided, however, whether the Ninth Circuit should follow the *Kuhlmann* plurality opinion. *See Molina v. Rison,* 886 F.2d 1124, 1131 (9th Cir.1989). In *Molina,* we did not need to decide whether to adopt the *Kuhlmann* standard because we found that the "ends of justice" did not require proceeding to the merits of the successive petition even under this court's earlier formulation of the standard. *Id.* This earlier standard was articulated in *Polizzi v. United States,* 550 F.2d 1133 (9th Cir.1976), where we stated: "a district court may refuse to entertain a repetitious petition absent a showing of manifest injustice or a change in law." *Id.* at 1135 (citations omitted).

As in *Molina,* we need not reach the issue whether the Ninth Circuit should follow the "ends of justice" standard in *Kuhlmann.* If Howard was not prevented by Arizona prison officials from filing a response, then under either the *Kuhlmann* or the *Polizzi* standard, the "ends of justice" would not be served by proceeding to the merits of Howard's claim. Howard has not suffered a "manifest injustice" if Arizona prison officials did not frustrate his attempts to respond to the motion. In addition, no claim has been made that a relevant law has changed since Howard's 1985 habeas petition was dismissed. According to the Supreme Court in *Sanders,* "the burden is on the applicant to show that, although the ground of the new application was determined against him on the merits on a prior application, the ends of justice would be served by a redetermination of the ground." 373 U.S. at 17, 83 S.Ct. at 1078. We conclude, therefore, that under either standard, if Arizona prison authorities did not interfere with Howard's attempts to file a response to the motion to dismiss the 1985 habeas petition, then the "ends of justice" would not be served by reaching the merits of his subsequent habeas petition.

### IV. Filing of Exhibits to Excerpt of Record

On appeal, Howard has lodged additional documents to be included in the Excerpt of Record. These may be relevant to the underlying claims of Howard's habeas petition, but they are not relevant to the issues before us and therefore should not be filed with this court. *See generally,* Ninth Circuit Rule 30–1.4 (list of additional items which should be included in the excerpts of record).

REVERSED and REMANDED for further proceedings consistent with this opinion.