947 F.2d 950
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andrew E. NEWMAN, Petitioner-Appellant,
v.
STATE of Washington, Respondent-Appellee.
 No. 91-35333.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 31, 1991.*
Decided Nov. 5, 1991.
 
 Before FLETCHER, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andrew E. Newman, a Washington state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. Newman contends that (1) the evidence was not sufficient to support his conviction; (2) he received ineffective assistance of counsel; and (3) the jury instructions were inadequate. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 In 1988, Newman was convicted of one count of attempted kidnapping in the first degree. In 1989, after exhausting state remedies, Newman filed his first federal habeas petition ("1989 petition"). Newman raised three claims in the 1989 petition: (1) the trial court erred by refusing to give a defense-requested jury instruction regarding eyewitness identification; (2) the evidence was not sufficient to support his conviction; and (3) his sentence was improper. The district court dismissed the 1989 petition on the merits and denied Newman's request for a certificate of probable cause; this court also denied Newman's request for a certificate of probable cause. In 1990, Newman filed his second federal habeas petition ("1990 petition"), which is the subject of this appeal. In the 1990 petition, Newman claimed that (1) the evidence was not sufficient to support his conviction; and (2) he received ineffective assistance of counsel. The district court dismissed the 1990 petition on the merits.[1]
 
 
 4
 * We review the decision to dismiss a habeas claim as successive for an abuse of discretion. See Howard v. Lewis, 905 F.2d 1318, 1321 (9th Cir.1990). A district court may dismiss a habeas claim without a hearing on the basis of a prior adjudication if: "(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." Sanders v. United States, 373 U.S. 1, 15 (1963); see also 28 U.S.C. § 2244; Rule 9(b), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. The burden of proof is on the petitioner to establish that the ends of justice would be served by relitigation of the claims previously decided against him. Sanders, 373 U.S. at 17. To meet this burden, the petitioner must supplement his constitutional claim with a colorable showing of factual innocence. Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986) (plurality opinion).
 
 
 5
 Here, the district court did not abuse its discretion by dismissing Newman's insufficiency of the evidence claim as successive. Newman raised the same claim in his 1989 petition, and it was determined adversely to him on the merits. See Sanders, 373 U.S. at 16. Moreover, the ends of justice would not be served by reaching the merits of this claim again because Newman has made no colorable showing of factual innocence. See Kuhlmann, 477 U.S. at 454.[2]
 
 II
 
 6
 The effectiveness of counsel is a mixed question of law and fact which we review de novo. Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986). To demonstrate ineffective assistance, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. at 689. A tactical decision by counsel with which the defendant disagrees cannot form the basis of an ineffective assistance claim. Id.; Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984).
 
 
 7
 Newman's contention that he received ineffective assistance of counsel is meritless because he has not shown that his counsel's conduct falls outside "the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Newman argues that his attorney's performance was deficient because he did not seek to introduce the testimony of an expert witness regarding the unreliability of eyewitness identification. In an affidavit, Newman's attorney stated that (1) before trial he discussed the eyewitness identifications in this case with two experts; and (2) one expert was not available and the other warned that, given the facts of the case, expert testimony at trial might be detrimental to the defense. Accordingly, because counsel's decision not to call an expert witness was a reasoned tactical decision, it cannot form the basis of an ineffective assistance claim. See id; Guam, 741 F.2d at 1169.[3]
 
 III
 
 8
 Finally, Newman claims that the state trial court erred by refusing to give a defense-requested jury instruction regarding eyewitness identification. Newman did not present this claim to the district court in the 1990 petition; accordingly we will not consider this claim on appeal. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987); Ahlswede v. Wolff, 720 F.2d 1108, 1109 (9th Cir.1983) ("the only issues properly before this court are those in the petition"), cert. denied, 469 U.S. 873 (1984).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Newman's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Supreme Court's recent decision in McCleskey v. Zant, 111 S.Ct. 1454 (1991) does not apply here because the government did not plead abuse of the writ in the district court. See id. at 1470 (government bears the burden of pleading abuse of the writ with "clarity and particularity")
 
 
 [2]
 This court has not decided whether to follow the "ends of justice" standard set forth in the Kuhlmann plurality opinion. See Howard, 905 F.2d at 1325. Nevertheless, even under this court's earlier formulation of the standard, the ends of justice would not be served by reaching the merits of Newman's claim again. See id. (" 'a district court may refuse to entertain a repetitious petition absent a showing of manifest injustice or a change in law.' ") (quotation omitted)
 
 
 [3]
 Moreover, Newman cannot show that he was prejudiced by his attorney's decision not to seek to introduce expert testimony. Both the Washington Court of Appeals and the Washington Supreme Court held that under state law, expert testimony regarding eyewitness identification would not have been admissible given the facts of this case