990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arnold Dean ADKINS, Petitioner-Appellant,
v.
John RATELLE, Respondent-Appellee.
 No. 92-55654.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 15, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arnold Dean Adkins, a California state prisoner, appeals pro se the district court's summary dismissal of his 28 U.S.C. § 2254 habeas petition. He contends that the district court erred by finding that his petition raised successive issues. We review de novo the district court's decisions on habeas petitions. Howard v. Lewis, 905 F.2d 1318, 1321 (9th Cir.1990). A district court's decision to deny consideration of the merits of a petition on the ground that it is abusive or successive is reviewed for an abuse of discretion. Sanders v. United States, 373 U.S. 1, 18-19 (1963). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.
 
 
 3
 "A claim is successive if it was raised in an earlier petition, or if it fails to raise a ground for relief that is new or different than a claim raised in an earlier petition and previously determined on the merits." See 28 U.S.C. §§ 2244(b), 2254 fill. Rule 9 (1988). A 'ground' is 'sufficient legal basis for granting the relief sought;' a different factual basis or argument asserted to support the same legal theory advanced previously does not constitute a new ground for relief and is successive." Sanders, 373 U.S. at 16.
 
 
 4
 "The 'ends of justice' permit us to entertain successive claims only where a petitioner supplements his ... claims with a 'colorable showing of factual innocence.' " Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986). In order to "affirm a dismissal or denial on the ground of successiveness, the district court must either [have made] a specific finding that the 'ends of justice' would not be served by reaching the merits or its views on this point must be clear from the record." Howard, 905 F.2d at 1324 (citing Chard v. United States, 578 F.2d 1317, 1318 (9th Cir.1978)).
 
 State Proceedings
 
 5
 Following a jury trial and conviction for robbery, attempted robbery, and two counts of unlawfully possessing a destructive device with the intent to intimidate a person, Adkins was sentenced to 14 years and 8 months in prison.
 
 
 6
 Adkins appealed from the conviction claiming: (1) the evidence was insufficient to support the prior prison term enhancement; (2) the photographic lineup from which he was identified was unduly suggestive; and (3) the trial court erred by refusing to give his special jury instructions on eyewitness identification. He also filed a petition for writ of habeas corpus claiming, among other things, that it was improper to impose a five year enhancement for a prior serious felony conviction because the conviction of second degree attempted robbery did not constitute a serious felony. Adkins' petition for writ of habeas corpus and his direct criminal appeal were consolidated. On July 27, 1989 the state court of appeals affirmed the judgment and denied the petition for writ of habeas corpus.
 
 
 7
 On February 15, 1989 Adkins filed a petition for rehearing in the California Court of Appeal raising the same claims he raised in both his direct appeal and his habeas petition. The only difference was Adkins' deletion of the jury instruction issue. The California Court of Appeal denied the petition for rehearing. On March 20, 1989 Adkins filed a petition for review in the California Supreme Court, claiming, among other things, that second degree attempted robbery does not constitute a serious felony. The California Supreme Court denied the petition for review.
 
 
 8
 On January 1, 1991, after a his first federal habeas petition was denied, Adkins filed a petition for writ of habeas corpus in the California Supreme Court raising, among other claims, the same challenges to the sentence enhancement raised in his earlier appeals. The California Supreme Court denied his petition.
 
 Federal Proceedings
 
 9
 On October 11, 1989 Adkins filed a petition for writ of habeas corpus in the United States District Court, Southern District of California, in case no. 89-1026-E. In this petition he alleged: (1) the evidence was insufficient to sustain a verdict; (2) the trial court erred by refusing to give his special jury instructions; (3) the photographic lineup from which he was identified was unduly suggestive; (4) the police and prosecution committed misconduct by failing to disclose evidence favorable to him; (5) the police and prosecution committed misconduct by exercising discriminatory enforcement; (6) the prosecutor committed misconduct by coercing the victims to identify Adkins as their assailant; (7) ineffective assistance of counsel; and (8) improper enhancement of his sentence.
 
 
 10
 The district court considered the merits of each claim and denied Adkins' habeas petition. The district court also found that Adkins' claims of insufficiency of evidence, improper sentence enhancement, failure to give special jury instructions, and use of unduly suggestive photographic lineup had already been raised in his various appeals and post-conviction proceedings in state court.
 
 
 11
 Following the denial of his first federal habeas petition in the Southern District of California on January 25, 1990 and the denial of his habeas petition in the California Supreme Court on May 29, 1991, Adkins filed a second federal habeas petition in the Southern District of California, in case no. 91-0903-B. In this petition, Adkins claimed: (1) there was insufficient evidence to support his conviction; (2) use of an unduly suggestive photographic lineup to identify him; (3) ineffective assistance of counsel; (4) failure to disclose exculpatory evidence; and (5) improper denial of jury instructions on eyewitness identification. On July 18, 1991 the district court summarily dismissed the petition on the grounds that it raised successive claims and those claims which were not successive had not been exhausted in the state court.
 
 
 12
 On August 9, 1991 Adkins filed a third petition for writ of habeas corpus in the district court, in case no. 91-1098-B. This petition challenged only the five year sentence enhancement for the prior serious felony conviction. Adkins argued that: (1) second degree attempted robbery did not constitute a serious felony within the meaning of the statute; (2) he had insufficient notice that the prior robbery conviction would constitute an enhancement; and (3) the trial court had incorrectly applied the law in denying his petition for writ of habeas corpus. On November 4, 1991 the district court summarily denied the petition on the ground that it raised successive claims.
 
 
 13
 The record indicates that Adkins has raised the issue of robbery as a serious felony for purposes of enhancing his present sentence on at least four other occasions in his state and federal habeas proceedings.
 
 
 14
 In his first state habeas petition Adkins argued that it was improper to impose a five year enhancement for a prior serious felony conviction because the conviction of second degree attempted robbery did not constitute a serious felony. In his direct appeal he argued that there was insufficient evidence to justify the enhancement of his sentence. In his California Supreme Court habeas petition he also challenged the sentence enhancement.
 
 
 15
 In his first federal habeas petition, Adkins argued that his sentence had been improperly enhanced. All of his previous arguments regarding the use of his prior robbery conviction to enhance his sentence are substantially the same. The arguments presented in his third habeas petition are phrased in a slightly different way. Nevertheless, they present the same ground for relief presented in his other state and federal habeas petitions. See Sanders, 373 U.S. at 16.
 
 
 16
 The district court, in Adkins' first federal habeas petition, dismissed his claim of improper enhancement and his argument that robbery was not a serious felony on the merits. In addition, neither Adkins' claims of improper enhancement of his sentence nor his argument that robbery is not a serious felony supply facts that would tend to establish his innocence. See Kuhlmann, 477 U.S. at 454. It is clear from the record that the district court did not believe that the 'ends of justice' would be served by reaching the merits of this case. See Howard, 905 F.2d at 1324.
 
 
 17
 The district court did not err in concluding that the issues presented in the habeas petition on appeal had been previously raised and denied on the merits in federal court, and that the 'ends of justice' did not require an opportunity for Adkins to relitigate claims previously decided against him. See Kuhlmann, 477 U.S. at 454.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3