996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John TREFREN, Defendant-Appellant.
 No. 92-37015.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 15, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 MEMORANDUM**
 Federal prisoner John Trefren appeals pro se the district court's denial of his motion under 28 U.S.C. § 2255 to vacate his sentence. Trefren pled guilty to drug offenses and was sentenced to serve 51 months in prison consecutive to his Idaho state sentence. Trefren contends that his guilty plea was invalid because he expected the district court to impose a concurrent sentence. He also argues that the district court erred by failing to extend the time for filing his direct appeal. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990) and affirm.[1]
 On February 24, 1989, Trefren pled guilty pursuant to a plea agreement to conspiracy to distribute methamphetamine. On May 8, 1989, the district court sentenced Trefren. He failed to file a timely appeal. On June 15, 1990, Trefren filed his first motion for relief under section 2255, in which he claimed that his plea was involuntary because he understood that the sentence imposed would run concurrently to the one he was presently serving. The district court dismissed that motion with leave to amend. Trefren filed an amended 2255 motion on July 30, 1990. On October 5, 1990, the district court concluded that Trefren failed to establish the existence of any "understanding" regarding a concurrent sentence and dismissed Trefren's motion. This court affirmed in United States v. Trefren, No. 91-35390 (9th Cir. Apr. 20, 1992).
 On August 3, 1992, Trefren filed yet another section 2255 motion, which is the subject of this appeal. Among other claims, Trefren once again raised the concurrent/consecutive sentence claim. The district court refused to revisit that claim because it had been raised previously and resolved adversely to Trefren, the prior adjudication was on the merits, and the ends of justice would not be served by revisiting the claim. See Sanders v. United States, 373 U.S. 1, 15 (1963); Howard v. Lewis, 905 F.2d 1318, 1321 (9th Cir.1990).
 We review for an abuse of discretion the district court's decision to deny consideration of the merits of a habeas petition because it is successive. Howard, 905 F.2d at 1321. A ground is successive if the basic thrust or gravamen of the legal claim is the same. Molina v. Rison, 886 F.2d 1124, 1127-29 (9th Cir.1989). The petitioner carries the burden of proving that the ends of justice require a redetermination of his claim. Campbell v. Blodgett, 982 F.2d 1321, 1331 (9th Cir.1992).
 Here, there is no doubt that Trefren's concurrent/consecutive sentence claim was raised in his prior 2255 motion and decided on the merits adversely to Trefren. See Molina, 886 F.2d at 1130. "[W]e need not reach the merits so long as 'the ends of justice would not be served' by doing so." Id. (quotation omitted). Trefren contends that his presentence report (PSR) establishes that there was an "understanding" that a concurrent sentence would be imposed. Nevertheless, the PSR stated that the government would recommend a concurrent sentence. That provision was not included in the plea agreement and Trefren admittedly was aware that the government's recommendation was not binding on the district court.[2] The PSR did not support Trefren's claim and therefore, the district court did not err by concluding that he had failed to met his burden of proving that the ends of justice required a redetermination of his claim. See Molina, 886 F.2d at 1131.
 
 
 1
 Finally, Trefren claims that he should have been allowed extra time to file a direct appeal. For the reasons stated in the district court's order, that contention is without merit. See United States v. Buzard, 884 F.2d 475, 475 (9th Cir.1989) (district court not authorized to extend time for filing notice of appeal after more than 30 days has lapsed from expiration of time otherwise prescribed for filing notice of appeal), cert. denied, 495 U.S. 906 (1990).[3]
 
 
 2
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Trefren's motion to supplement the record on appeal is denied
 
 
 [2]
 The sentencing court acknowledged that Trefren and his attorney expected a concurrent sentence and thus, continued the sentencing hearing to allow Trefren to discuss with the government the imposition of a consecutive sentence. Notably, the Idaho State Parole Board decided that any remaining state time would be served concurrently with the federal sentence. That decision has no bearing on the district court's sentencing authority
 
 
 [3]
 Trefren contends that the district court was on notice of his attorney problems before the 40 day period expired as evidenced by a letter from Robert J. Waller discussing the appointment of new counsel. Nevertheless, that letter was addressed to Trefren and merely stated that Waller informally contacted the district court's office and inquired about the appointment of counsel. No formal request was made until after the 40 day period