21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Thomas RHODES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-16798.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 29, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 MEMORANDUM**
 David Thomas Rhodes appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2255 motion as successive and an abuse of the writ. We have jurisdiction under 28 U.S.C. Secs. 2253 and 2255. We review for an abuse of discretion, Howard v. Lewis, 905 F.2d 1318, 1321 (9th Cir.1990), and affirm.
 A district court may, without a hearing, dismiss as successive a section 2255 motion if " '(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.' " Id. (quoting Sanders v. United States, 373 U.S. 1, 15 (1963)).
 
 
 1
 In this, his third section 2255 motion, Rhodes contends that his constitutional rights were violated when his trial counsel conceded counts II and III of the indictment in closing argument, and failed to call Stanley Donaldson as a witness. Rhodes concedes that these issues were raised in his prior motions, but contends that "the courts" never adjudicated them.
 
 
 2
 This court's decisions affirming the denial of Rhodes's two prior motions show that these same issues were adjudicated on the merits. See United States v. Rhodes, No. 86-2961 (9th Cir. July 28, 1988) (unpublished); United States v. Rhodes, No. 90-15118 (9th Cir. April 9, 1992) (unpublished). Specifically, this court found that counsel's tactical decision to concede Counts II and III was a valid one, and that Stanley Donaldson's testimony would have been more damaging to Rhodes than exculpatory.
 
 
 3
 Furthermore, the district court specifically found that the ends of justice do not require a redetermination of these claims. Accordingly, the court did not abuse its discretion by dismissing Rhodes's motion as successive. See id.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3