65 F.3d 177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Everett YOUNG, Plaintiff-Appellant,
v.
UNITED STATES of America, doing business as Chief Guarantor
and/or surety for its following agencies in either a college
student loan program, as a loan agency or collection agency
as "First Interstate Bank of Arizona", Defendant-Appellee.
 No. 95-15188.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 Before: ALARCON, FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Everett Young appeals pro se the district courts summary judgment in favor of defendants in Young's 42 U.S.C. Sec. 1983 action alleging violations of due process as well as pendant state law claims. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994), and we affirm.
 
 
 3
 On April 8, 1992, Young filed a complaint in the United States District Court of Arizona. On April 14, 1993, the district court dismissed Young's action pursuant to former Arizona U.S. District Court Local Rule 11(c) for failure to respond to defendant's motion to dismiss.[1] Under Local Rule 11(i) the district court has discretion to construe a party's failure to respond to a motion to dismiss as consent to the motion.[2] See Ariz.Local R. 11(i). Young did not appeal the court's dismissal, but instead filed a complaint with the United States Court of Federal Claims. The Court of Federal Claims transferred his case to the district court in Phoenix.[3] The district court dismissed Young's action as barred by the doctrine of res judicata. Young filed a motion for reconsideration contending that res judicata did not apply because the previous dismissal was not adjudicated on the merits. The district court denied Young's motion.
 
 
 4
 On appeal, Young contends that res judicata does not apply because a dismissal pursuant to Local Rule 11(c) is not an adjudication on the merits. Further, Young contends that because his prior case was dismissed for lack of subject matter jurisdiction, the dismissal does not operate as an adjudication on the merits. These contentions lack merit.
 
 
 5
 "[W]hen a party has completely failed to respond to a motion without good cause, granting a motion ... may be considered a determination 'on the merits'...." Howard v. Lewis, 905 F.2d 1318, 1324 (9th Cir.1990). Young provided no evidence demonstrating good cause for his failure to respond to the motion to dismiss. Thus, the district court's dismissal pursuant to Local Rule 11(i) was properly characterized as a dismissal on the merits. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Local Rule has been renumbered to Rule 1.10(c)
 
 
 [2]
 The Local Rule has been renumbered to Rule 1.10(i)
 
 
 [3]
 Apparently, Young also filed three unsuccessful petitions for writ of mandamus with the Court of Appeals for the Federal Circuit