67 F.3d 310
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur William MACK, Defendant-Appellant.
 No. 94-30278.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 25, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Arthur William Mack appeals pro se the district court's denial of his second 28 U.S.C. Sec. 2255 motion as successive. Mack pled guilty to manufacturing marijuana in violation of 21 U.S.C. Sec. 841(a)(1) and was sentenced to sixty-three months. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255. We review for abuse of discretion, Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992), cert. denied, 114 S.Ct. 1337 (1994), and affirm.
 
 
 3
 A section 2255 motion may be dismissed as successive if it presents the same ground previously determined on its merits adversely to petitioner and the ends of justice would not be served by reaching the merits of the successive motion. Rule 9(b), Rules Governing Section 2255 Motions, 28 U.S.C. foll. Sec. 2255; see Howard v. Lewis, 905 F.2d 1318, 1321 (9th Cir.1990) (citing Sanders v. United States, 373 U.S. 1, 15 (1963)).
 
 
 4
 The burden is on petitioner to show that the ends of justice would be served by relitigation of the claims previously decided against him. Sanders, 373 U.S. at 17. To meet this burden, the petitioner must make a colorable showing of factual innocence. Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 
 
 5
 In Mack's first motion, he argued that he received ineffective assistance of counsel because counsel failed to seek a downward departure based on diminished capacity under U.S.S.G. Sec. 5K2.13 due to Mack's Post Traumatic Stress Disorder. The district court denied the motion on the merits.
 
 
 6
 In his second motion, Mack argued that the district court erred by failing to adequately consider his diminished capacity as a ground for departure.
 
 
 7
 This court's decision affirming the denial of Mack's first section 2255 motion shows that the same issues were adjudicated on the merits. See United States v. Mack, No. 92-30434 (9th Cir. June 8, 1993). Specifically, this court found that the district court properly considered Mack's diminished capacity. Mack has not argued that his claims should be reached to serve the ends of justice. Thus, the district court did not abuse its discretion by dismissing Mack's motion as successive. See Molina v. Rison, 886 F.2d 1124, 1129-30 (9th Cir.1989).
 
 
 8
 We decline to consider Mack's claim that he is entitled to a one-level adjustment for acceptance of responsibility under U.S.S.G. Sec. 3E1.1 because his brief contains no argument on the issue. See Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir.1993) (citing Lear v. Murphy, 844 F.2d 628, 634 (9th Cir.1988)).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3