68 F.3d 481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George A. HOOD, Defendant-Appellant.
 No. 91-35875.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George A. Hood, a federal prisoner, appeals pro se the district court's denial of his second 28 U.S.C. Sec. 2255 motion. He contends the district court erred when it denied his motion as successive. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255. We review for abuse of discretion, see Howard v. Lewis, 905 F.2d 1318, 1321 (9th Cir. 1990), and affirm.
 
 
 3
 In 1981, after trial by jury, Hood was convicted of rape in violation of 18 U.S.C. Sec. 2301 and sentenced to twenty-five years in prison. In 1982, this court affirmed his conviction. In 1986, Hood filed his first section 2255 motion raising numerous claims, including that his sentence was based on false information contained in his presentence report. In 1987, the district court: found that Hood had waived the claim that he was sentenced based on false information by failing to object to the information in the presentence report at sentencing or on appeal; ordered an evidentiary hearing to resolve two of Hood's other claims; and denied the rest of the claims on their merits. In 1988, after an evidentiary hearing, the district court ruled that the two remaining claims lacked merit and denied Hood's motion. In 1989, this court affirmed the denial of Hood's first section 2255 motion.
 
 
 4
 On November 5, 1990, Hood filed his second section 2255 motion in district court. In this motion, Hood raises claims which were previously raised and rejected. Consequently, the district court did not abuse its discretion when it denied the motion as successive. See Sanders v. United States, 373 U.S. 1, 15 (1963); see also 28 U.S.C. Sec. 2255 (court shall not be required to entertain second or successive motion for similar relief on behalf of same prisoner). Hood has failed to show that the ends of justice require reconsideration of any of his claims. See Sanders, 373 U.S. at 15; see also Clark v. Lewis, 1 F.3d 814, 821 (9th Cir. 1993). Even if any claim which Hood raises now is so different from any of his previously raised claims as to be new, any such claim would be barred as an abuse of the writ. See Rule 9(b), Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. Sec. 2255; see also McCleskey v. Zant, 499 U.S. 467 (1991).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3