110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul A. REDD, Jr., Petitioner-Appellant,
v.
Charles D. MARSHALL, Warden, Respondent-Appellee.
 No. 96-15352.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1997.*
Decided March 26, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Paul A. Redd Jr. appeals pro se the district court's dismissal of his third 28 U.S.C. § 2254 habeas corpus petition. Redd contends that the district court abused its discretion by dismissing his claims as either successive or abusive. We have jurisdiction under 28 U.S.C. § 2253. We review for an abuse of discretion, Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992), and affirm.
 
 I. Newly-presented Claims
 
 3
 Redd contends that he has demonstrated cause and prejudice for his failure to raise his newly-presented claims in his prior habeas petitions. This contention lacks merit.
 
 
 4
 A petitioner must show cause for failing to previously raise new claims, and prejudice resulting from the errors he now alleges. See McCleskey v. Zant, 499 U.S. 467, 494 (1991). The cause standard requires a showing that an objective, external impediment prevented the petitioner from constructing or raising his claim. See id. at 493-94. If a petitioner cannot show cause and prejudice, a court may still excuse his failure to raise his claims in an earlier petition if dismissal of the claim would result in a fundamental miscarriage of justice; that is, if the petitioner is actually innocent of the crime for which he was convicted. See id. at 494-95.
 
 
 5
 Here, Redd has failed to establish the requisite cause for this court to examine his newly-presented claims. First, Redd alleges that cause exists because prison officials denied him access to a law library until 1986 when this court declared the prison "paging" policy constitutionally deficient. See Toussaint v. McCarthy, 801 F.2d 1080 (9th Cir.1986). Redd's second petition, however, was filed on December 1, 1988, more than one year after the period in which Redd was allegedly denied access to the law library. Thus, Redd has failed to demonstrate that the alleged lack of library access prevented him from raising the claims in his second habeas petition. See McCleskey, 499 U.S. at 498.
 
 
 6
 Redd next argues that cause exists because prison official allegedly lost his copies of the grand jury transcript and trial transcript. "Abuse of the writ doctrine examines petitioner's conduct: The question is whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process." Id. Redd was knowledgable of the facts necessary to raise the prosecutorial and police misconduct claims prior to filing his previous habeas petitions. Thus, Redd has failed to demonstrate that the alleged loss of his copies of the transcripts prevented him from raising the claims in his second habeas petition. See id. at 502 (petitioner's prior knowledge of the withheld document defeated assertion of cause).
 
 
 7
 Even though Redd has not demonstrated cause for failing to raise his claims at an earlier time, he may nevertheless avoid the bar set forth in McCleskey if he can demonstrate a "fundamental miscarriage of justice." Id. at 494-95. Redd has not met this standard, nor has he attempted to.
 
 II. Renewed Claims
 
 8
 Redd next contends that the district court abused its discretion by dismissing as successive his claim of alleged coercion and Miranda violation. This contention lacks merit.
 
 
 9
 The district court properly dismissed this claim as successive because the claim has previously been decided on the merits. Howard v. Lewis, 905 F.2d 1318, 1322-23 (9th Cir.1990) (a denial on procedural default grounds is "on the merits" for determining whether a subsequent petition is successive). Redd argues that the state default was based on a procedural rule which was not consistently applied and therefore did not constitute an adequate and independent basis. This argument was not raised before the district court and we decline to address it for the first time on appeal. See Willard v. California, 818 F.2d 461, 465 (9th Cir.1987).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Redd's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3