**Harold Clifford HIGH ELK, Appellant,**

v.

**Herman SOLEM, Warden, South Dakota State Penitentiary; Mark Meierhenry, Attorney General, State of South Dakota, Appellees.**

No. 85–5383.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1986.

Decided Nov. 5, 1986.

Patrick J. Kane, Sioux Falls, S.D., for appellant.

Grant Gormley, Pierre, S.D., for appellees.

under section 1343, Judge Reagan is entitled to absolute immunity, and the action is barred.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

McMILLIAN, Circuit Judge.

Harold Clifford High Elk appeals from a final order entered in the District Court[1] for the District of South Dakota denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. *High Elk v. Solem*, No. CIV 84–4143 (D.S.D. Oct. 2, 1985). For reversal appellant argues that he was denied effective assistance of trial counsel. For the reasons discussed below, we affirm the order of the district court.

Appellant was convicted in state court in 1979 of first degree rape and sentenced pursuant to a habitual offender statute to a term of 26 years imprisonment. The state supreme court affirmed the conviction on direct appeal, *State v. High Elk*, 298 N.W.2d 87 (S.D.1980). Appellant then sought post-conviction relief, alleging ineffective assistance of trial counsel and erroneous application of the state habitual offender statute. Following an evidentiary hearing, the state trial court denied relief. On appeal appellant raised only the claim of ineffective assistance of trial counsel. The state supreme court affirmed the denial of post-conviction relief, *High Elk v. State*, 344 N.W.2d 497 (S.D.1984). The facts underlying the prosecution are set forth in the state court opinions and will not be repeated here.

Appellant has exhausted available state remedies. In his petition for habeas corpus relief, appellant claimed that he had been denied effective assistance of counsel because his defense attorney (1) failed to file a motion to suppress evidence, including a pair of his jeans, seized from his bowling bag, (2) failed to effectively use an FBI lab report to establish that the dried blood found on appellant's jeans matched appellant's blood type and not the victim's, (3) raised the subject of the dried blood but then failed to effectively cross-examine

government witnesses about the dried blood, blood types and the damp condition of the jeans, and (4) failed to file a motion to limit cross-examination about appellant's prior convictions.

The district court considered the first three claims of ineffective assistance of counsel together and found defense counsel's handling of the evidence about appellant's jeans, the dried blood and the FBI lab report was deficient. Slip op. at 5. The district court further found, however, that appellant had failed to establish actual prejudice. *Id.* at 6. With respect to the claim that counsel unreasonably failed to file a motion to limit cross-examination about appellant's prior convictions, the district court found that such failure was insufficient to warrant relief, apparently on the basis of no actual prejudice, and denied the petition for habeas relief. *Id.* at 6–7.

The Supreme Court recently held that the restriction on habeas review of fourth amendment claims set forth in *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), did not preclude habeas review of sixth amendment claims of ineffective assistance of counsel which are based upon ineffective representation with respect to fourth amendment issues. *Kimmelman v. Morrison*, —— U.S. ——, 106 S.Ct. 2574, 2582–87, 91 L.Ed.2d 305 (1986). The Court stated that

[i]n order to prevail [on a claim of ineffective assistance of counsel], the defendant must show both that counsel's representation fell below an objective standard of reasonableness, and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amend-

1. The Honorable John Bailey Jones, United States District Judge for the District of South Dakota.

ment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.

*Id.* at 2583, *citing Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2065, 2068, 80 L.Ed.2d 674 (1984).

■ The district court's analysis in the present case anticipated the holding in *Kimmelman v. Morrison.* The district court assumed for purposes of analysis that appellant's fourth amendment claim was meritorious, reviewed the evidence absent the excludable evidence and the evidence introduced as a result of counsel's errors,[2] but concluded that there was not actual prejudice. Given the remaining evidence against appellant, we agree with the district court that appellant failed to show there was a reasonable probability that absent the excludable evidence the verdict would have been different.

■ With respect to the ineffective assistance of counsel claim involving counsel's failure to file a motion to limit cross-examination about appellant's prior convictions, we agree with the district court that appellant failed to establish actual prejudice. As noted by the district court, even assuming the state trial court would have granted a motion in limine, whether appellant would in fact have testified was a matter of considerable speculation. *Cf. Luce v. United States,* 469 U.S. 38, 41–42, 105 S.Ct. 460, 463–64, 83 L.Ed.2d 443 (1984) (holding that to raise and preserve for appellate review a claim of improper impeachment with a prior conviction, defendant must testify).

Accordingly, the order of the district court is affirmed.

**2.** The district court reviewed the evidence using three possible alternatives: (1) counsel made a motion to suppress the contents of the bowling bag which was granted by the trial court; (2) counsel made a motion to suppress which was denied, but counsel did not raise the subject of the dried blood on appellant's jeans; and (3) counsel made a motion to suppress which was denied, raised the subject of the dried blood on appellant's jeans, but effectively used the FBI lab report in cross-examination. *High Elk v. Solem,* No. CIV 84–4143, slip op. at 6 (D.S.D. Oct. 2, 1985).