**Sidney E. VANN, Petitioner,**

v.

**Frank X. HOPKINS, Respondent.**

**No. 4:CV92–3359.**

United States District Court, D. Nebraska.

June 28, 1993.

---

Sidney Carl Vann, pro se.

Donald B. Stenberg, Atty. Gen., Lincoln, NE.

## MEMORANDUM AND ORDER ON PLAINTIFF'S OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION AND MOTION FOR EVIDENTIARY HEARING

URBOM, District Judge.

The petitioner, Sidney E. Vann, has filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Magistrate Judge David L. Piester has reviewed the second petition and has recommended that the five claims in the petition be dismissed as being either successive or barred under *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). *See* Filing 16. The petitioner has filed a timely objection to the report and recommendation and has also moved for an evidentiary hearing. Filings 17 & 14. At the petitioner's request and pursuant to 28 U.S.C. § 636(b)(1) I have undertaken a de novo review of the entire record. Following my review, I will adopt the magistrate judge's recommendation that the petition be dismissed and deny the petitioner's motion for an evidentiary hearing.

In his second petition for writ of habeas corpus the petitioner has challenged his conviction on five grounds previously reviewed by the court, including 1) denial of due process arising from insufficient evidence of a chain of custody of certain physical evidence; 2) denial of due process because he was tried on more severe criminal charges from those which he was bound over for trial; 3) denial of due process arising from his sentencing under the Nebraska habitual criminal statute; 4) illegal search and seizure; and 5) pretextual arrest. *See* Filing 1.

The magistrate judge ruled that, pursuant to Rule 9 of the Rules Governing Section 2254 Proceedings[1], I had denied claims one and two on their merits in reviewing the first

---

**1.** Rule 9(b) provides in relevant part:
A second or successive petition may be dismissed if the judge find that it fails to allege new or different grounds for relief and the prior determination was on the merits.

Rule 9(b) of the Rules Governing Section 2254 Proceedings.

petition and that, therefore, these claims should be dismissed as successive. Filing 16 at 2. In reviewing Vann's second petition, I do not find that he has alleged either new or different grounds for relief. These two due process claims were squarely addressed on their merits in the first petition for writ of habeas corpus. Accordingly, I shall dismiss the first two claims as successive.

The magistrate judge has also recommended that the third claim—denial of due process during the habitual criminal hearing—be dismissed as successive. As the magistrate noted, the petitioner did not exhaust this claim on direct appeal in state court nor was he successful in demonstrating cause and prejudice in this court. Consequently, I earlier dismissed this claim as waived in the petitioner's first petition for writ of habeas corpus. *See Vann v. Gunter*, CV89–L–45, filing 28 at 7.

In reviewing the same claim under the second petition I find that the magistrate judge correctly determined that the controlling issue was "whether a claim which has been denied for failure to overcome a state procedural default was decided 'on the merits' for purposes of determining whether the claim is subject to dismissal pursuant to rule 9(b)." Filing 16 at 3. I further find that the magistrate judge's analysis is persuasive and therefore adopt his recommendation to dismiss this claim as successive.

Lastly, the magistrate judge reviewed claims four and five—unlawful search and seizure and pretextual arrest—and recommended that both claims be dismissed because they are barred from federal habeas review under the doctrine enunciated in *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976). In *Stone* the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a fourth amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional

search and seizure was introduced at his trial." *Id.* at 482, 96 S.Ct. at 3046.

The operative word in *Stone* is opportunity. If the state court has afforded the litigant an opportunity to fully and fairly litigate his or her fourth amendment claim or claims, then a federal court is precluded from habeas review of that claim as a fourth amendment claim.

My review of the state court trial proceedings clearly establishes that the suppression hearing before Douglas County District Judge Theodore Carlson provided an opportunity for full and fair litigation of claims alleging illegal search and seizure as well as pretextual arrest. However, my review of the trial transcript reveals that many of the material facts underlying both fourth amendment claims were never developed and presented to Judge Carlson at the suppression hearing, nor was any evidence offered by the defense to support either claim. From what I am able to adduce from the transcript of the suppression hearing, no brief in support of the motion to suppress was ever submitted.[2] Furthermore, as the Nebraska Supreme Court declared in its opinion, the defense failed to make timely objections at Vann's trial to the district court's receipt of the physical items which were the subject of the motion to suppress. *State v. Vann*, 230 Neb. 601, 606–07, 432 N.W.2d 810, 814 (1988). Nonetheless, the petitioner was afforded an opportunity for full and fair litigation of these claims, and thus I am precluded under *Stone* from considering his illegal search and seizure and pretextual arrest claims as fourth amendment claims on habeas review.

Perhaps, in part, because the *Stone* doctrine can produce a great injustice on a criminal defendant, the United States Supreme Court announced in *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1985), that the restriction of federal habeas review of fourth amendment claims as mandated by *Stone* does not preclude habeas review of sixth amendment claims of ineffective assistance of counsel which are founded upon ineffective representation with respect

---

**2.** Defense counsel's attempt to suppress evidence at the hearing was limited to his cross-examination of two Omaha police officers.

to fourth amendment issues. *Id.* at 374–75, 106 S.Ct. at 2582–83. *High Elk v. Solem,* 804 F.2d 496, 497–98 (8th Cir.1986). In *Kimmelman,* the Court declared:

> "In order to prevail, the defendant must show both that counsel's representation fell below an objective standard of reasonableness, *Strickland* [v. Washington], 466 U.S. [668] at 688, [104 S.Ct. 2052, at 2064–65, 80 L.Ed.2d 674], (1984) and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694 [104 S.Ct. at 2068]. Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice."

477 U.S. at 375, 106 S.Ct. at 2582–83.

In his second petition for writ of habeas corpus the petitioner has not advanced a sixth amendment claim of ineffective assistance of counsel. However, he did assert such a claim in his first petition for writ of habeas corpus.[3] *See Vann v. Gunter,* CV89–L–45, Filing 1. Because both defense trial and appellate counsel worked for the Douglas County Public Defender's Office, the petitioner could not have asserted his claim against appellate counsel on direct appeal, and a conflict of interest would have been present had appellate counsel asserted a sixth amendment claim of ineffective assistance against the trial counsel.

Nebraska law provides a postconviction remedy for criminal defendants. *Neb.Rev.*

*Stat.* § 29–3001 *et seq* (Reissue 1989). The magistrate judge correctly stated that state postconviction relief is available to the petitioner should he wish to pursue his sixth amendment claim on the basis of ineffectiveness of either or both counsel. As the magistrate judge earlier explained, because a claim of ineffective assistance of counsel would provide a basis for habeas corpus relief, the petitioner must first present the claim to the state court, as an independent claim, before it may be considered by this federal court as a basis for lifting a procedural bar. *See Vann v. Gunter,* CV89–L–45, filing 17 at 3 & n. 4. Accordingly, I must dismiss claims four and five because the petitioner has not exhausted his state postconviction remedy.

Should the petitioner decide to pursue state postconviction relief and be unsuccessful, I can review the claims of illegal search and seizure and pretextual arrest, but only if they are framed as sixth amendment ineffective-assistance-of-counsel claims, alleging failure to litigate fourth amendment issues properly. Otherwise, these two claims will be dismissed again as barred under the *Stone* doctrine.

IT IS THEREFORE ORDERED that I adopt the magistrate judge's memorandum, order and recommendation, filing 16, to dismiss all five claims and deny the petitioner's motion for an evidentiary hearing, filing 14.

## MEMORANDUM, ORDER AND RECOMMENDATION

PIESTER, United States Magistrate Judge.

Petitioner, incarcerated in the Nebraska State Penitentiary, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C.

---

**3.** In his first petition for writ of habeas corpus the petitioner alleged that Brian Munnelly, appellate defense counsel, did not provide effective assistance of counsel because he failed to adequately brief and present the pretextual arrest claim to the Nebraska Supreme Court. My review of the state court proceedings suggests that if there was a failure to litigate the petitioner's fourth amendment claim of pretextual arrest, the failure to litigate occurred at the suppression hearing and trial, not at the appeal stage. I concur with the state-appellee's argument which states:

> The motion to suppress (T5) refers only to the arrest warrant and arresting officers and does not speak to the search warrant nor the searching officers. The motion does not state the appellant's theory on appeal that the arrest for felony theft was a mere pretext to search for the narcotics contraband. Therefore, the appellee would assert that the appellant has failed to allege the error now complained of at any time during the trial.

Brief of Appellee, *State v. Vann,* 432 N.W.2d at 814.

§ 2254. Liberally construing the allegations of the petition, *Carlson v. State of Minnesota,* 945 F.2d 1026, 1029 (8th Cir.1991) (pro se petitions are to be liberally construed in favor of petitioner), I conclude claims one, two and three should be dismissed as successive pursuant to Rule 9(b) of the Rules Governing Section 2254 Proceedings, and consideration of claims four and five is barred by *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). I shall therefore recommend dismissal of this petition.

Under attack is petitioner's 1987 conviction for possession with intent to deliver a controlled substance. Following an habitual criminal hearing petitioner was sentenced to 15 to 25 years imprisonment. The conviction was affirmed on direct appeal. *State v. Vann,* 230 Neb. 601, 432 N.W.2d 810 (1988).

In 1989 petitioner filed a petition for writ of habeas corpus in this court, (*Vann v. Gunter,* CV89–L–45), challenging his conviction and sentence on six grounds: 1) denial of due process through insufficient evidence of the chain of custody of certain physical evidence; 2) denial of due process because he was tried on different charges from those on which he was bound over for trial; 3) denial of due process as 'a result of his sentencing under the habitual criminal statute; 4) unlawful search and seizure; 5) pretextual arrest; and 6) ineffective assistance of appellate counsel. Petitioner voluntarily dismissed the sixth claim of the petition because he had failed to exhaust the claim in state courts, and had an available state court remedy for the claim.

Following the appointment of counsel and the submission of briefs, I recommended the petition be denied in all respects. *Vann v. Gunter,* CV89–L–45, filing 28 (July 6, 1990).[1] Subsequently, Judge Urbom adopted the recommendation and denied the petition, *Vann v. Gunter,* CV89–L–45, filing 32 (Sept. 12, 1990), and such denial was affirmed by the Eighth Circuit Court of Appeals. *Vann v. Gunter,* No. 90–2717 slip op., Nov. 27 (8th Cir.1990).

Petitioner now has filed a second petition for writ of habeas corpus in this court, challenging his conviction once again on the five grounds previously considered by the court: 1) denial of due process through insufficient evidence of the chain of custody of certain physical evidence; 2) denial of due process because he was tried on different charges from those on which he was bound over for trial; 3) denial of due process as a result of his sentencing under the habitual criminal statute; 4) unlawful search and seizure; and 5) pretextual arrest.

## SUCCESSIVE PETITION

■ The presentation of this action subjects the claims of this action to dismissal pursuant to Rule 9 of the Rules Governing Section 2254 Proceedings, which provides in relevant part:

> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits. . . .

Rule 9(b) of the Rules Governing Section 2254 Proceedings.

In this instance all claims were presented in a previous § 2254 action. The first two claims were clearly denied on their merits and should be dismissed as successive. There is some question as to whether the third claim should be dismissed as successive.

■ Petitioner's third claim, denial of due process in his habitual criminal hearing, was also raised in his previous petition. The claim had not been exhausted in state courts and no remedy was then available in state courts. Petitioner was granted leave to demonstrate "cause and prejudice" to overcome the procedural default, as required by *Wainwright v. Sykes,* 433 U.S. 72, 97, 97 S.Ct. 2497, 2511–12, 53 L.Ed.2d 594 (1977). Petitioner was unable to demonstrate cause or prejudice and the claim was therefore dismissed as waived. *Vann v. Gunter,* CV89–L–45, filing 28 at 7.

---

1. I recommended the first two claims be dismissed on their merits. I found that petitioner had failed to overcome a procedural default committed on the third claim; consideration of the fourth and fifth claims was barred by *Stone supra.*

The issue to be determined is whether a claim which has been dismissed for failure to overcome a state procedural default was decided "on the merits" for purposes of determining whether the claim is subject to dismissal pursuant to rule 9(b). The Eighth Circuit has not previously faced this issue directly. This court has found only one case squarely addressing this question. *Howard v. Lewis,* 905 F.2d 1318 (9th Cir.1990).

In *Howard,* the Ninth Circuit held that a claim dismissed from a § 2254 petition for failure to overcome a state procedural default may be dismissed as successive if it is brought in a second habeas petition. *Id.* at 1323. The court, noting that the successive petition doctrine was formulated in *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963) reiterated the Supreme Court's holding that a dismissal of a successive petition may occur if "the prior denial ... rested on an adjudication of the merits of the ground presented in the subsequent application." *Howard* at 1321–22, *citing Sanders* at 16, 83 S.Ct. at 1077. The Ninth Circuit stated,

> While a court in dismissing a petition because of state procedural default (and a failure to show cause and prejudice), is *not* determining the merits of the underlying claims, it *is* making a determination on the merits that the underlying claims *will not* be considered by a federal court for reasons of comity. *See Wainwright v. Sykes,* 433 U.S. 72, 84, 87 [97 S.Ct. 2497, 2505, 2506, 53 L.Ed.2d 594] (1977) (*citing Francis v. Henderson,* 425 U.S. 536, 538–39 [96 S.Ct. 1708, 1709–10, 48 L.Ed.2d 149] (1976)); *Jackson v. Cupp,* 693 F.2d 867, 869 & n. 2 (9th Cir.1982). Such a determination should be considered "on the merits" for purposes of the successive petition doctrine.

*Howard* at 1322 (emphasis in original). The court noted that other circuits have determined that a dismissal for failure to exhaust a presently available state court remedy is not a determination "on the merits" for purposes of a successive petition, and stated,

> a dismissal for failure to exhaust state remedies is distinguishable from a dismissal for state procedural default. In the

former situation, the state courts have not rendered a decision regarding the merits of defendant's claims, *but the opportunity is still open for the defendant to obtain a disposition on the merits of his or her claims in the state courts.* After exhausting state court remedies, a subsequent federal petition for habeas corpus could be entertained while preserving the principles of federal-state comity. In the case of state procedural default, a state court has not rendered a decision regarding the merits of the defendant's claims, but the defendant has no further opportunity to obtain a disposition on the merits of his or her claims in the state courts. In a subsequent petition raising the same claims that were dismissed previously on the basis of state procedural default, the interest underlying the dismissal of the first petition, i.e., federal-state comity, is still present.... We conclude, therefore, that the dismissal of a federal habeas petition on the ground of state procedural default is a determination "on the merits" for the purpose of the successive petition doctrine.

*Id.* at 1322–33 (emphasis added).

In *Hill v. Lockhart,* 877 F.2d 698 (8th Cir.1989), *aff'd in relevant part,* 894 F.2d 1009 (*en banc* ), *cert. denied,* 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990), the Eighth Circuit addressed the question of what constitutes a decision "on the merits" of a claim of ineffective assistance of counsel. In *Hill,* the petitioner, who had pleaded guilty at trial, filed his first § 2254 action in 1983 claiming that ineffective assistance of counsel rendered his guilty plea involuntary. The district court denied habeas relief and the court of appeals affirmed. A rehearing *en banc* was granted and the court, by way of an equally divided vote, affirmed the trial court's ruling. The case was taken to the Supreme Court, which found that the petitioner had failed to satisfy the "prejudice" prong of the test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Supreme Court did not decide whether the petitioner had shown cause. *Hill* at 700–01.

The petitioner in *Hill* then filed a second § 2254 petition making a more specific factu-

al allegation of prejudice. The district court granted habeas relief. The court of appeals found that the writ was properly granted. The court noted that Rule 9(b) allows, but does not require, a judge to dismiss a successive petition. The court went on to say that the Supreme Court's holding did not reach the merits of the petitioner's claim because of a failure to properly plead prejudice. The Eighth Circuit found that the Supreme Court did not apply the full *Strickland* "cause and prejudice" test because insufficient facts were alleged in the petition to show prejudice. The Eighth Circuit stated that "The District Court did not abuse its discretion in entertaining this second habeas petition." *Hill* at 702.

In *Hill,* the Eighth Circuit did not address the appropriateness of a court dismissing a successive petition. Its holding stated only that a district court has the discretionary power to consider claims even though they are brought in a successive petition. In the case at hand, petitioner's claims were fully presented in a prior proceeding. The court did not, as in *Hill,* consider merely the allegations of the petition. After an evidentiary hearing, the court found that petitioner Vann had not overcome a state procedural default. This factual situation distinguishes the present case from *Hill.* I find the Ninth Circuit's reasoning in *Howard* to be persuasive. I shall therefore recommend claim three be dismissed as successive.

## FOURTH AMENDMENT CLAIMS

In his fourth and fifth claims petitioner challenges his conviction on grounds of illegal search and seizure under the Fourth Amendment to the United States Constitution. The Supreme Court has held that Fourth Amendment claims are not cognizable in a federal habeas action unless petitioner did not receive a full and fair opportunity to litigate the Fourth Amendment claim in the state courts. *Stone v. Powell,* 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976). In previously considering these claims, I found that petitioner did have a full and fair opportunity to litigate the claims in state court. These two claims are therefore barred from consideration in this action by *Stone, supra.* The notions of comity which compel the dismissal of the procedurally barred claim as described above also promote the position that the claims barred by *Stone* in a previous petition should be dismissed as successive in this petition. *See Stone v. Powell,* 428 U.S. at 478, fn. 11, 96 S.Ct. at 3044, fn. 11. I shall therefore recommend claims four and five be dismissed.

Petitioner has requested the court appoint counsel to represent him in this matter. Because I recommend this case be dismissed, I shall deny petitioner's request for appointed counsel.

IT IS ORDERED that petitioner's motion for appointment of counsel is denied.

FURTHER, IT THEREFORE IS HEREBY RECOMMENDED, pursuant to 28 U.S.C. § 636(b)(1)(B), that the petition be dismissed.

Petitioner is hereby notified that unless objection is made within ten days after he is served with a copy of this recommendation, he may be held to have waived any right he may have to appeal the court's order adopting this recommendation.

Dated January 7, 1993.