**Ransom Dean OWENS, Petitioner,**

v.

**C. L. BENSON, Warden, Respondent.**

**Civ. A. No. 77–71665.**

United States District Court,
E. D. Michigan, S. D.

Aug. 30, 1977.

Ransom Dean Owens, in pro per.

**OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE**

CORNELIA G. KENNEDY, District Judge.

On September 29, 1976, petitioner Ransom Dean Owens pleaded guilty to a charge of armed bank robbery; thereafter he was sentenced to an eighteen-year term of imprisonment to be served under the

provisions of 18 U.S.C. § 4205(b)(2). *United States v. Owens,* Crim. Action No. 76-80772. Defendant Owens' subsequent motion to reduce sentence was denied by the court in an Opinion and Order entered on April 7, 1977. On July 7, 1977, petitioner, acting *pro se* and *in forma pauperis,* filed a completed form entitled "Petition for Writ of Habeas Corpus for Person in Federal Custody," urging that he was being held in prison unlawfully because: 1) his attorney and the prosecutor had both told him he would get "far less time than the eighteen years imposed by the Court"; 2) his presentence report contained false and misleading information; and 3) his indictment was returned by a grand jury selected from a jury wheel which had not been emptied and refilled in accordance with this district court's approved jury selection plan. Although this petition seeks a writ of habeas corpus and names as respondent the warden of the institution in which petitioner is confined, the court will consider it as a motion to vacate sentence, since it is clear that the petition challenges the legality of the sentence and that an application for habeas relief may not be entertained. 28 U.S.C. § 2255.

Petitioner's primary contention is that his attorney and the Assistant United States Attorney prosecuting his case both told him that he would get "far less time than" the sentence actually imposed. Although it is conceivable that these attorneys merely explained that the time served in prison under a § 4205(b)(2) sentence is often less than the full term allowed by the sentence, petitioner's claim is apparently that he was induced to plead guilty by predictions that his sentence would be less than it actually proved to be.

Statements made on the record at the time of petitioner's guilty plea, however, contradict this vague allegation. After first indicating that he did not intend to plead guilty, petitioner later returned to the courtroom and tendered his plea of guilty. When asked by the court what had caused him to change his mind, petitioner answered candidly that he had hoped the government would reduce its offer of an eighteen-year maximum, and that he now wanted to accept that offer to avoid the possibility of a twenty-five year sentence. In petitioner's presence, the Assistant United States Attorney told the court that there had been no other promises than those set forth in open court and that he had told petitioner that (within the agreed-upon maximum) the actual sentence imposed would be entirely up to the court. Petitioner's attorney stated that he had informed petitioner of his rights and that he thought petitioner understood the plea agreement offered. The court then asked petitioner to explain the terms of the agreement as he understood it, and petitioner replied: "Well, I could be sentenced up to eighteen years, and I would be eligible for a parole period . . . well, you know (explaining § 4205(b)(2)." The court later addressed petitioner as follows:

Q: Aside from those promises [made in open court], have any promises been made to you to get you to plead guilty here?

A: No.

Q: Has anyone promised you anything to plead guilty aside from those?

A: No.

In the recent case of *Blackledge v. Allison,* 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977), the Supreme Court explained the considerations to be weighed when a defendant who has pleaded guilty seeks post-conviction relief on the basis of allegations which contradict statements made at the time of the plea. The Court made it clear that there is no *per se* rule excluding such collateral attacks. However, the Court also observed that

the representations of the defendant, his lawyer, and the prosecutor at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by

specifics is subject to summary dismissal.

. . .

431 U.S. at 73, 97 S.Ct. at 1629.

In *Allison* the petitioner contended that his attorney had told him, in the presence of a third person, that he would get no more than a ten-year sentence and that he should answer the court's questions at the plea hearing so that his plea would be accepted. Moreover, the record of the plea hearing in that case consisted of nothing but a printed form with monosyllabic answers to thirteen rote questions, signed by the trial judge and the defendant. As the Supreme Court noted, "The record is silent as to what statements Allison, his lawyer, or the prosecutor might have made regarding promised sentencing concessions." 431 U.S. at 77, 97 S.Ct. at 1631. In contrast, the entire proceedings at petitioner Owens' change of plea hearing were recorded by the court reporter. As set forth above, both the prosecutor and the petitioner himself denied that any other promises had been made to induce his guilty plea. Moreover, petitioner here does not imply that he was told to answer the court's questions falsely in order to consummate a secret plea agreement.

■■ For all of these reasons, the court is of the opinion that petitioner's vague claim regarding his plea agreement is a conclusory allegation "unsupported by specifics" and subject to summary dismissal. Petitioner's second contention—that the presentence report concerning him was inaccurate—was previously discussed in the court's Opinion and Order of April 7, 1977, denying his motion to reduce sentence, and is rejected again now for the same reasons. Finally, petitioner's claim that the grand jury which indicted him was improperly selected must be denied on the ground of untimeliness in light of the clear provision of the relevant statute:

(a) In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury. 28 U.S.C., § 1867(a).

Since it appears from the face of petitioner's motion and the prior proceedings in his case that he is not entitled to relief, that motion is DENIED and this action will be dismissed.