956 F.2d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Charles WOOD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-2055.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1992.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 James C. Wood, a pro se California prisoner, appeals the district court's order denying his motion for relief filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Wood on two counts of bank robbery for which he received two consecutive twenty-five year sentences. On appeal Wood challenged the admissibility of certain evidence and the sufficiency of the evidence as to the F.D.I.C. insurance status of the involved bank. This court affirmed the convictions.
 
 
 3
 Wood then filed two motions for relief under 28 U.S.C. § 2255 contesting the evidence of the bank's insured status and the validity of the indictment. The motions were denied by the district court and affirmed by this court.
 
 
 4
 In July 1991, Wood filed a "petition" under "Rule 60-writ of error coram nobis" which the district court construed as a motion under § 2255. Wood again challenged the sufficiency of the evidence and the validity of the indictment. The district court dismissed the motion pursuant to Rule 4 of the Rules Governing § 2255 Proceedings in the United States District Courts. Wood then filed this timely appeal raising the same issues he presented to the district court. He requests pauper status, oral argument, remand, and an expedited appeal.
 
 
 5
 Reviewing a dismissal under Rule 4 of the Rules Governing § 2255 Proceedings is limited to whether the summary dismissal was proper. A remand is required for a responsive briefing and an evidentiary hearing unless the record conclusively shows that Wood is not entitled to relief. Abatino v. United States, 750 F.2d 1442, 1444 (9th Cir.1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir.1982).
 
 
 6
 Wood's arguments have been considered and rejected by this court on three previous occasions. See Wood v. United States, 909 F.2d 1485 (6th Cir.1990) (unpublished); Wood v. United States, 831 F.2d 298 (6th Cir.1987) (unpublished), cert. denied, 484 U.S. 1077 (1988); United States v. Wood, 780 F.2d 555 (6th Cir.) (per curiam), cert. denied, 475 U.S. 1111 (1986). Since the record conclusively shows Wood's arguments are without merit, the district court properly dismissed the motion under Rule 4 of the Rules Governing § 2255 Proceedings. See United States v. Leiby, 820 F.2d 70, 72 (3d Cir.1987); United States v. Romano, 516 F.2d 768, 770-71 (2d Cir.), cert. denied, 423 U.S. 994 (1975).
 
 
 7
 Accordingly, we grant the request for pauper status, deny the other forms of relief, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.