**UNITED STATES of America,
Plaintiff,**

v.

**Rodney E. WHITE, Defendant.**

No. Cv. 99–2504–D/V.
No. Cr. 91–00106.

United States District Court,
W.D. Tennessee,
Western Division.

June 28, 1999.

Rodney E. White, FCI–Memphis, Federal Correctional Institution, Memphis, TN, petitioner pro se.

## ORDER CONSTRUING HABEAS PETITION AS SECTION 2255 MOTION AND ORDER TRANSFERRING MOTION TO UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

DONALD, District Judge.

Defendant, Rodney E. White, Bureau of Prisons (BOP) registration number 32695–083, an inmate at the Federal Correctional Institution at Memphis (FCI), has filed a second document styled as a petition under 28 U.S.C. § 2241.

In 1991, a grand jury the United States District Court for the Eastern District of Virginia at Richmond indicted White and twelve codefendants on charges of conspiring to distribute over five kilograms of cocaine, more than fifty grams of cocaine base, and over one kilogram of heroin, in violation of 21 U.S.C. § 846, three counts of possession of cocaine and cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and one count of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The jury convicted White of the conspiracy, possession with intent to distribute cocaine, possession with intent to distribute cocaine base, and the firearm

offense. Defendant appealed and the Fourth Circuit affirmed his conviction. *United States v. White,* No. 92–5101, 996 F.2d 1213, 1993 WL 239009 (4th Cir. June 30, 1993).

White thereafter filed his first § 2255 motion with the sentencing court attacking his conviction. The district court denied that motion. *United States v. White,* No. 91–106 (E.D.Va. Mar. 29, 1995).[1] White thereafter filed two motions in the United States Court of Appeals for the Fourth Circuit seeking permission to file a successive motion under 28 U.S.C. § 2255 to raise claims under *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The Fourth Circuit denied these motions. *In re White,* No. 96–666 (4th Cir. July 1, 1997) (denying permission to file successive motion); *In re White,* 98–646 (4th Cir. Nov. 17, 1998) (same).

White then submitted to this Court a habeas petition and supplemental petition under 28 U.S.C. § 2241. This Court construed the habeas petition as yet another successive § 2255 motion and transferred it to the Fourth Circuit. *United States v. White,* No. 98–3043–Ml/V (W.D.Tenn. Dec. 30, 1998). That Court again denied White's motion. *In re White,* No. 99–606 (4th Cir. Feb. 11, 1999) (denying permission to file successive motion) In the meantime, White took a frivolous appeal of this Court's transfer order to the United States Court of Appeals for the Sixth Circuit. The Sixth Circuit dismissed the appeal. *United States v. White,* No. 99–5045 (6th Cir. Feb. 10, 1999).

■ Now White has filed yet another petition. He attempts to rely on this Court's previous citation to *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir.1991), and *Wright v. United States Bd. of Parole,* 557 F.2d 74, 78 (6th Cir.1977) which together hold that "[s]ection 2255 ... has been conceived to be limited to those claims which arise from the imposition of

the sentence as distinguished from claims attacking the execution of the sentence." *Id.* at 77. He attempts to transmogrify his claim into an attack on the execution of his sentence by claiming that since he is "actually innocent" any execution of his sentence must be unconstitutional.

This is the type of sophistry that has aroused the federal court's impatience with prisoners' attempting to play at being lawyers. The gravamen of a § 2255 motion is a challenge to the very *fact* of the conviction itself—the precise thing that defendant attacks. *Wright* and *Jalili* use the word "execution" not to refer to the *fact* of imprisonment that inevitably follows conviction, but to the *manner* in which the United States Bureau of Prisons (BOP) implements that imprisonment. As is very clear from an honest reading of the habeas jurisprudence, as opposed to the defendant's disingenuous attempt to manipulate semantics, habeas "execution" of sentence claims deal with BOP decisions regarding the calculation of sentence credits, the ministerial calculation of the dates of release or completion of the sentence, and other issues unrelated to the validity of the conviction or sentence itself. *See In re Hanserd,* 123 F.3d 922, 933 (6th Cir.1997).

■ Defendant also argues that this Court misapplied *Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir.1988), when it cited that case in support of the proposition that the § 2255 remedy is not inadequate or unavailable merely because a court denied a previous § 2255 motion. Defendant points out that *Tripati* requires a denial "on the merits" and then argues he has never had a merits review of his *Bailey* claim. Again, this completely misconstrues the existing jurisprudence on the remedies available to federal prisoners. The limits on successive petitions in § 2255 specifically contemplate cutting off further collateral attacks on review of the merits of a conviction. In effect, the denial of a motion on these grounds is akin to

---

1. The Eastern District of Virginia dockets all § 2255 motions in the original criminal case.

It is unclear whether White appealed the denial of this motion.

the denial of a habeas petition or § 2255 motion for procedural default. Such a decision is one on the merits of a claim of interference with a federal constitutional right. *Carter v. United States*, 150 F.3d 202, 205–06 (2d Cir.1998) (holding that AEDPA strengthens pre-AEDPA decisions requiring successive petition treatment); *Howard v. Lewis*, 905 F.2d 1318, 1322 (9th Cir.1990).[2] Defendant has had a decision on the merits of his *Bailey* claim because the United States Court of Appeals for the Fourth Circuit has held three times that he has no constitutional right to consideration of that claim.

■ Accordingly, it is plain that defendant again challenges the very fact of his conviction, not merely how his valid federal sentence is being implemented by the BOP. For federal prisoners seeking habeas-type relief, the only remedy is through a motion to vacate under 28 U.S.C. § 2255. *Hanserd*, 123 F.3d at 933; *United States v. Sarduy*, 838 F.2d 157, 158 (6th Cir.1988) (challenge to proper sentence calculation should be brought under § 2255, not Rules 32 or 35). *See also United States v. Cerna*, 36 F.3d 1098, 1994 WL 542757 at *1 (6th Cir. Oct. 4, 1994) (district court has discretion to construe motion erroneously styled as one under § 3582(c)(2) as a motion to vacate under § 2255);[3] *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir.1993); *Wood v. United States*, 956 F.2d 271, 1992 WL 34342, No. 91–2055 (6th Cir. Feb. 25, 1992) (petition for a writ of error coram nobis should be construed as motion under § 2255);[4] *Owens v. Benson*, 439 F.Supp. 943, 944 (E.D.Mich.1977) (the proper remedy for a federal prisoner attacking his conviction or sentence is a motion under § 2255). *Cf. Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir.1998) (adopting *per se* rule that district court may not consider a § 2255 motion while prisoner's direct appeal is pending and affirming denial of habeas relief to prisoner whose direct appeal was pending in Fifth Circuit).

■ As this Court held in its earlier order, White's § 2255 motion must be directed to the sentencing judge, not to a judge in the district in which a prisoner is confined. This remedy is not inadequate or ineffective merely because White is confined outside the Eastern District of Virginia or because that court denied his earlier motions. White has not properly alleged that the remedy by motion under § 2255 is inadequate or ineffective in his case. *Cf. Tripati, Yankey v. United States*, 290 F.2d 816 (6th Cir.1961); *Broadus–Bey v. Diamond*, 264 F.2d 242, 243 (6th Cir.1959). *See also McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir.1979).

■ As a motion under § 2255 is properly addressed to the sentencing court, this Court should transfer this case to that Court. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. 104–132, Title I, § 102, 110 Stat. 1220 (Apr. 24, 1996), amended 28 U.S.C. §§ 2244(b) and 2255 to preclude the filing of any subsequent § 2255 motion absent permission from the Court of Appeals for the Circuit in which the district court is located. Under *In re Sonshine*, 132 F.3d 1133, 1135 (6th Cir.1997), the AEDPA amendments bar a prisoner from filing a second § 2255 motion unless those amendments would have an impermissibly retroactive effect on a claim for relief un-

---

**2.** *See also Hawkins v. Evans*, 64 F.3d 543, 547 (10th Cir.1995) (following *Howard*); *Bates v. Whitley*, 19 F.3d 1066, 1067 (5th Cir.1994) (following *Howard*); *Williams v. Whitley*, 994 F.2d 226, 233–34, (5th Cir.) (following *Howard*); *Shaw v. Delo*, 971 F.2d 181, 184 (8th Cir.1992) (following *Howard*); *Vann v. Hopkins*, 829 F.Supp. 293, 295, 299 (D.Neb.1993) (following *Howard*).

**3.** Although citation to unpublished Sixth Circuit precedents is disfavored, this case is referred to in the absence of clear published case law from this Circuit "because it establishes the law governing the present action and 'there is no [Sixth Circuit] published opinion that would serve as well.' " *Norton v. Parke*, 892 F.2d 476, 479 n. 7 (6th Cir.1989).

**4.** *See supra* note 3.

der § 2255. Under *In re Sims,* 111 F.3d 45, 47 (6th Cir.1997), "when a second or successive . . . § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *Id.* As petitioner was sentenced in the Eastern District of Virginia, and as that district is within the Fourth Circuit, White cannot file another § 2255 motion without permission from the Fourth Circuit. Accordingly, it is in the interests of justice that this case be transferred to the appropriate appellate court. *See* 28 U.S.C. § 1404(a); Rule 12, Rules Governing Section 2255 Proceedings in the United States District Courts.

It is therefore ORDERED that the Clerk shall immediately transfer this case to the United States Court of Appeals for the Fourth Circuit at Richmond. The Clerk shall not provide a copy to the United States Attorney, as the necessity for such notice is better determined by the appropriate appellate court. It is ORDERED that the United States need not file a response to the motion until so ordered by the appellate or sentencing court.

■ As this case is not being closed, but only transferred, there is no final order from which an appeal can be taken. The majority view of the federal appellate courts is that an order of transfer under 28 U.S.C. § 1631 is a non-appealable collateral order. *See, e.g., FDIC v. McGlamery,* 74 F.3d 218, 221–22 (10th Cir.1996); *Middlebrooks v. Smith,* 735 F.2d 431, 432–33 (11th Cir.1984) (holding non-appealable an order construing a habeas petition as a § 2255 motion to vacate and transferring to the sentencing court). Previous unpublished decisions from this Circuit follow this reasoning. *See, e.g., Mario Gonzalez v. United States,* No. 98–6099 (6th Cir. Oct. 1, 1998), *dismissing appeal from* No. 98–2160–Tu/V (W.D.Tenn. Mar. 2, 1998); *William Taylor v. United States,* No. 98–6062 (6th Cir. Sept. 22, 1998), *dismissing appeal from* No. 98–2142–Tu/V (W.D.Tenn.

Mar. 2, 1998). Both *Gonzalez* and *Taylor* cited *McGlamery* and *Middlebrooks* and dismissed appeals from this Court of orders transferring § 2255 motions originally filed as habeas petitions. Furthermore, the Sixth Circuit followed that reasoning in dismissing White's earlier appeal of the transfer of his first successive § 2255 motion in this district. The same result obtains here. This Court's order construing White's habeas petition as a § 2255 motion is not appealable. Any appeal would be devoid of jurisdiction.

■ As any appeal would be devoid of jurisdiction, the appellant would plainly not be able to demonstrate that an appeal involves "a question of some substance, or a substantial showing of the denial of [a] federal right," as required by 28 U.S.C. § 2253. Accordingly, the Court denies a certificate of appealability under 28 U.S.C. § 2253. For the same reasons, any appeal would lack an arguable basis either in law or in fact, and would, therefore, be frivolous. The Court, therefore, certifies pursuant to Fed.R.App.P. 24(a) that any appeal is not taken in good faith and that the appellant may not proceed on appeal *in forma pauperis.* If the defendant attempts to take an appeal by filing an appeal from this order, he will have to pay the entire filing fee of $105.

Finally, this Court has received a large number of such frivolous habeas petitions over the past year and a half. Many of those petitions were obviously prepared by one of the inmates at FCI Memphis who has been operating a frivolous habeas petition mill and persuading unknowing fellow inmates he should permit the preparation of such petitions on their behalf. This latest petition, however, was prepared by a different inmate, whose writing style is familiar to the Court. As with other documents this inmate has prepared, this one is coherent, albeit legally frivolous. It at least demonstrates some level of skill in understanding and interpreting caselaw. Skill in manipulating language or even in parsing legal concepts is not the essential

skill needed for the practice of law or for the preparation of legal documents, however. The first prerequisite is honesty and integrity. Attempts to twist caselaw and language to obtain a favorable result do not cross that threshold. The Court admonishes White and the inmate who helped him prepare this petition to avoid embarking on the crusade that has already caused more than one FCI inmate to be subjected to sanctions for filing frivolous motions and petitions.

 "The AEDPA is designed to bring successive petitions to a halt." *Alexander v. United States,* 121 F.3d 312, 314 (7th Cir.1997). As the Seventh Circuit noted in *Alexander,* a prisoner seeking permission to file a successive motion must do something more than merely reiterate previously rejected grounds for leave to file. *Id.* The petitions being filed in this district present this court with the same question confronted in *Alexander:* "[w]hat should a court do with a prisoner who refuses to take no for an answer, and files over and over again?" The Seventh Circuit answered this question by imposing a monetary sanction and barring Alexander from filing any paper in the entire Seventh Circuit. Sanctions short of a monetary fine are appropriate in this case.

The Court ORDERS that Rodney E. White, BOP registration number 32695083, file no further documents in this or any other case except as permitted by this order. The Clerk shall not accept any other documents for filing in this action, or any of plaintiff's other actions. Any further documents submitted in this case or another previous case shall be returned to the prisoner.

The Court further ORDERS that White file no further motions to vacate in this district attacking a conviction entered in another federal district court. He shall also not file any further habeas petitions that attack the imposition, as opposed to the execution of such sentences.

If White files any further documents to begin a new habeas petition related to the execution of his sentence or attacking a state conviction, he must enclose a one-page motion seeking permission to file and an affidavit of no more than two pages attesting that the complaint does not seek to invalidate a federal conviction or sentence and describing the basis for his petition. The attestation shall be completed in accordance with 28 U.S.C. § 1746.[5] The petition itself must be filed on the appropriate form available from the Clerk of Court, to which White may attach not more than two additional sheets of paper, one side to a sheet. White shall not attach any brief, memorandum of law, copy of a case or statute, list of citations, or any other supporting legal materials. White shall submit documents only on 8½ by 11 inch paper, not legal size paper.

White must also either pay the filing fee for any new habeas petition, or simultaneously submit a motion to proceed *in forma pauperis.* The *in forma pauperis* form must also be obtained from the Clerk of Court.

The Court will return without filing any new filings from White that do not comply with this Order. The Clerk of Court is **ORDERED** not to file, open on this Court's docket, assign a new docket number, or assign to a judge, any further case submitted by this prisoner, including any habeas petition, unless specifically directed to do so by a district judge or magistrate judge of this district. If White submits documents that do not comply with this order, the Court may also impose appropriate sanctions, including a monetary fine.

5. To create an affidavit in federal court, the applicant must attach a statement in substantially the form provided in § 1746:

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on _____ (date).

_____
signature

Moreover, any case submitted by this prisoner to another court that is thereafter removed or transferred to this district will result in the same sanctions as if it had been filed here. If White submits any paper for filing in violation of this order, the Clerk shall not docket it but shall return it to him, keeping a copy for the Court, which will then impose a fine of $100 on him for violating the Court's order. A copy of this order shall be sent to the Warden at FCI Memphis, who shall post a copy prominently in the law library.

The Court ORDERS that the Clerk of Court not docket or file any further document of any sort in this case without an order from the Court.

IT IS SO ORDERED.