**Jim L. TOWNSEND, Plaintiff,**

**v.**

**Randy J. DAVIS, Defendant.**

**No. 02–2893–D/V, 91–20148–G.**

United States District Court,
W.D. Tennessee,
Western Division.

March 14, 2003.

---

Jim L. Townsend, FCI–Memphis, Memphis, Pro se.

ORDER DENYING PETITION UNDER 28 U.S.C. § 2241 AND ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

DONALD, District Judge.

Defendant, Jim L. Townsend, Bureau of Prisons (BOP) registration number 13003–076, an inmate at the Federal Correctional Institution (FCI) in Memphis, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 attacking his conviction and sentence for conspiracy to possess cocaine with intent to distribute and possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1). He paid the filing fee. The Clerk shall record the respondent as Randy J. Davis. The Clerk shall not issue any process.

On June 6, 1991, a federal grand jury returned a two-count indictment against Townsend and certain codefendants. The first count of the indictment charged defendant and three codefendants, Bernice Turner, Willie Harold Skipper, and Hazel Little, with conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846. The second count charged Townsend and Little with possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841. The case proceeded to trial on January 21, 1992, before United States District Judge Julia Smith Gibbons. On January 29, 1992, the jury returned a verdict finding Townsend guilty on both counts of the indictment. Judge Gibbons conducted a sentencing hearing on October 23, 1992, at which time defendant was sentenced to mandatory life imprisonment. The United States Court of Appeals for the Sixth Circuit affirmed defendant's conviction and sentence. *United States v. Little*, Nos. 92–6719, 92–6720, 92–6721, 1993 WL 501570 (6th Cir. Dec. 6, 1993), *cert. denied*, 513 U.S. 942, 115 S.Ct. 347, 130 L.Ed.2d 303 (1994).

On June 30, 1995, Townsend filed a *pro se* motion, pursuant to Fed.R.Crim.P. 33, seeking a new trial. Judge Gibbons denied that motion on June 28, 1996. On September 15, 1996, defendant filed a *pro se* motion for reconsideration in which he raised certain additional arguments. This motion was denied on December 23, 1996. The Sixth Circuit affirmed the denial of defendant's motion for a new trial. *United States v. Townsend*, No. 97–5155, 1999 WL 313856 (6th Cir. May 3, 1999).

On August 2, 2000, Townsend filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 raising various constitutional challenges. The motion was denied as barred by the statute of limitations on October 9, 2001. *United States v. Townsend*, No. 00–2678–G/V (Oct. 9, 2001). Defendant appealed and the Sixth Circuit Court of Appeals denied his motion for a certificate of appealability. No. 01–6400 (6th Cir. June 12, 2002).

On November 21, 2002, Townsend filed this habeas petition under 28 U.S.C. § 2241. In actuality Townsend seeks to raise claims cognizable only under § 2255. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996) (codified, *inter alia*, at 28 U.S.C. § 2244 et seq.) (AEDPA), amended 28 U.S.C. §§ 2244(b) and 2255 to preclude the filing of any subsequent § 2255 motion absent permission from the Court of Appeals for the circuit in which the district court is located. Under *In re Sonshine*, 132 F.3d 1133, 1135 (6th Cir.1997), the AEDPA amendments bar a prisoner from filing a second § 2255 motion unless those amendments would have an impermissibly retroactive effect on a claim for relief under § 2255. The United States Court of Appeals for the Sixth Circuit originally interpreted these anti-successive motion provisions as requiring a transfer to the appellate court

rather than merely dismissal of the illegal motion. "[W]hen a second or successive ... § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims,* 111 F.3d 45, 47 (6th Cir.1997). Recently, however, a series of unpublished opinions have relied on *Gray–Bey v. United States,* 209 F.3d 986, 990 (7th Cir.2000), to conclude that § 2255 motions that are disguised as § 2241 petitions should not be transferred but dismissed.[1]

▮ The AEDPA was intended to solidify the finality of federal criminal convictions. The statute is straightforward. As applicable to federal convictions, it limits the defendant to his direct appeal and one collateral attack, filed within one year of the time the conviction is final. This provision strengthened the existing provisions limiting federal prisoners to one collateral attack on a conviction. The Rules Governing § 2255 Proceedings in the United States District Courts provided specific limits, in Rule 9(b), on the filing of successive motions. The AEDPA formalized much of the more restrictive jurisprudence interpreting Rule 9(b). These reforms were intended to add additional protection to the finality attached to federal criminal judgments and to reduce the workloads of the federal courts who have to contend with repeated and frivolous attacks on those convictions.

As a subsequent § 2255 is foreclosed by the AEDPA, the petitioner seeks to characterize this case as a habeas petition under § 2241. The only reason for this characterization, however, is the need to avoid the successive motion limits of the AED-

PA. This case clearly seeks to attack the validity of his original sentence, and is in reality a motion under § 2255.

▮ Generally, habeas corpus is available if "the issues raised more accurately challenged the execution of the sentence than its imposition." *Wright,* 557 F.2d at 78. On the other hand, "[s]ection 2255 ... has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence." *Id.* at 77. *Cf. United States v. Jalili,* 925 F.2d 889, 893 (6th Cir.1991) ("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply."). It is clear from *Wright* and *Jalili,* however, that true attacks on the "execution" of sentence relate to BOP decisions affecting the duration of the sentence, and that such attacks accept as a matter of course the validity of the original underlying conviction and sentence. Despite his argument to the contrary, Townsend's petition does not challenge the execution of his sentence, but attacks its imposition.

▮ Federal prisoners seeking collateral relief from a conviction or sentence must seek relief through a motion to vacate under 28 U.S.C. § 2255. *Charles v. Chandler,* 180 F.3d 753, 755–56 (1999); *In re Hanserd,* 123 F.3d 922, 933 (6th Cir.1997); *United States v. Sarduy,* 838 F.2d 157, 158 (6th Cir.1988) (challenge to proper sentence calculation should be brought under § 2255, not Rules 32 or 35). *See also United States v. Cerna,* 1994 WL 542757 at *1, 1994 U.S.App. LEXIS 27901 at *2–3 (6th Cir. Oct. 4, 1994) (district court has discretion to construe motion erroneously styled as one under § 3582(c)(2) as a motion to vacate under § 2255);[2] *United*

---

1. *See, e.g., In Re Walker,* No. 00–5262, 2000 WL 1517155 (6th Cir. Aug. 4, 2000).

2. Although citation to unpublished Sixth Circuit precedents is disfavored, this case is re-

ferred to in the absence of clear published case law from this circuit "because it establishes the law governing the present action and 'there is no [Sixth Circuit] published

*States v. Auman,* 8 F.3d 1268, 1271 (8th Cir.1993); *Wood v. United States,* No. 91–2055, 1992 WL 34342, 1992 U.S.App. Lexis 3053 (6th Cir. Feb. 25, 1992) (petition for a writ of error coram nobis should be construed as motion under § 2255);[3] *Owens v. Benson,* 439 F.Supp. 943, 944 (E.D.Mich. 1977) (the proper remedy for a federal prisoner attacking his conviction or sentence is a motion under § 2255). *Cf. Capaldi v. Pontesso,* 135 F.3d 1122, 1124 (6th Cir.1998) (adopting *per se* rule that district court may not consider a § 2255 motion while prisoner's direct appeal is pending and affirming denial of habeas relief to prisoner whose direct appeal was pending in Fifth Circuit).

■ Substantive review of a claim raised in a successive motion is only available under limited circumstances clearly inapplicable here. *See Hanserd,* 123 F.3d at 929. Habeas corpus will lie, however, if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. This "savings clause" operates as an additional exception to the successive motion limits of the AEDPA and permits review by a habeas petition in an even more narrow category of cases.

■■ The movant carries the burden of demonstrating that the savings clause applies. *Charles,* 180 F.3d at 756. The § 2255 remedy is not inadequate or ineffective, for instance, merely because the successive motion limits apply to bar consideration of a claim or the motion is barred by the statute of limitations. *Charles,* 180 F.3d at 756–58. Rather, if the claim is of a type that was cognizable under § 2255 at the time the prisoner filed his first motion, the remedy is not inadequate or ineffective, regardless of whether

the movant can obtain a substantive review on the merits in the present motion. As suggested by *Gray–Bey,* 209 F.3d at 990, in considering the scope of collateral remedies remaining to federal prisoners after the AEDPA, § 2255 ¶ 8 means ... that prisoners today are never entitled to multiple collateral attacks, so that their inability to obtain another round of litigation cannot demonstrate that § 2255 as a whole is "inadequate or ineffective to test the legality of ... detention."

■ Federal law providing for collateral review of conviction and sentence does not guarantee that every prisoner will obtain a review on the merits of a constitutional claim, but that every prisoner will at some point have the *opportunity* for such review. *See, e.g., Wofford v. Scott,* 177 F.3d 1236, 1244 (11th Cir.1999). According to *Wofford,* the entire federal criminal procedure statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence vacated.' That does not mean that he took the shot ... the Constitution requires [only] that the procedural opportunity existed." *Id.* (quoting *In Re Davenport,* 147 F.3d 605, 609 (7th Cir.1998)).

Townsend, of course, has already had two opportunities to raise the claim he asserts here. *See Lee v. Chandler,* No. 98–6721, 2000 WL 658019 (6th Cir. May 8, 2000) (holding that prisoner "has had multiple unobstructed procedural shots at his conviction and sentence").[4] Furthermore, Townsend presented this very claim in his timebarred § 2255 motion. His lack of success in convincing either the district court or the Sixth Circuit on collateral attack that he is entitled to relief does not

---

opinion that would serve as well.' " *Norton v. Parke,* 892 F.2d 476, 479 n. 7 (6th Cir.1989).

**3.** *See supra* note 2.

**4.** *See supra* note 2.

support a contention, necessary to consideration of his claim on the merits under § 2241, that the § 2255 remedy is inadequate or ineffective.

*Wofford* held that the "inadequate or ineffective" savings clause applies to permit a prisoner to set aside a conviction when

1) the claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford,* 177 F.3d at 1244.

 Townsend clearly does not qualify for habeas relief under any conceivable legitimate interpretation of the statute. His claims are not based upon a retroactively applicable Supreme Court decision. Insofar as Townsend attempts to claim that he is innocent of his sentence based upon his contention that the court lacked jurisdiction to impose the sentence, it is clear that an actual innocence claim requires "factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623–24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Hilliard v. United States,* 157 F.3d 444, 450 (6th Cir.1998). More importantly, of course, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying . . . criminal proceeding" because a federal court considers a collateral attack "to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

The claim presented here is not based upon newly discovered evidence. The record in defendant's criminal case reveals the underlying claim of this petition was known at sentencing. Furthermore, it is of the type that should have been raised on direct appeal or in the single collateral remedy provided by the statute. Townsend however, is attempting to use the actual innocence "exception" to the procedural default rules as a primary claim. Townsend's complete failure even to allege true "factual innocence" precludes his assertion of such a claim.

This latest document is nothing more than a successive motion under 28 U.S.C. § 2255, disguised as a habeas petition in an attempt to circumvent the successive motion limits of the AEDPA. Accordingly, Townsend is not entitled to relief under § 2241 on his claim. Townsend's motion is without merit and is denied.

As Townsend is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the respondent to show cause need not issue. The petition is dismissed.

 Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. *Lyons v. Ohio Adult Parole Auth.,* 105 F.3d 1063 (6th Cir.1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241. *McIntosh v. United States Parole Comm'n,* 115 F.3d 809, 810 (10th Cir.1997); *Ojo v. I.N.S.,* 106 F.3d 680, 681–82 (5th Cir.1997); *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir.1996). Nevertheless, a habe-

as petitioner seeking to appeal is still obligated to pay the $105 filing fee required by 28 U.S.C. §§ 1913 and 1917. Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed *in forma pauperis* and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether these requirements apply to § 2241 cases. *Kincade v. Sparkman*, 117 F.3d 949, 951–52 (6th Cir.1997). *Cf. McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir.1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

■ The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions. *See McIntosh*, 115 F.3d at 810; *United States v. Simmonds*, 111 F.3d 737, 743 (10th Cir.1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. *Graham v. U.S. Parole Com'n*, No. 96–6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), *aff'g, Graham v. United States*, No. 96–3251–Tu (W.D.Tenn. Dec. 4, 1996). Because the Court finds the reasoning of *McIntosh* persuasive, and because the Court finds that this conclusion naturally follows from the Sixth Circuit's decision in *Kincade*, the Court concludes that the PLRA does not apply to § 2241 petitions.

Pursuant to *Kincade*, a petitioner must seek leave to proceed *in forma pauperis* from the district court under Fed. R.App. 24(a), which provides:

A party to an action in a district court who desires to proceed on appeal *in forma pauperis* shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous.

■ The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this petition as devoid of jurisdiction also compel the conclusion that an appeal would be frivolous. It is therefore CERTIFIED, pursuant to F.R.A.P. 24(a), that any appeal in this matter by petitioner is not taken in good faith, and he may not proceed on appeal *in forma pauperis*.