Rodney E. WHITE, Petitioner–Appellant,

v.

Jose BARRON, Jr., Warden, Respondent–Appellee.

No. 03–5485.

United States Court of Appeals, Sixth Circuit.

Dec. 5, 2003.

Rodney E. White, pro se, Manchester, KY, for Petitioner–Appellant.

Before SILER, DAUGHTREY, and GIBBONS, Circuit Judges.

*ORDER*

Rodney E. White appeals a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the United States District Court for the Eastern District of Virginia, While was convicted of conspiracy to distribute over five kilograms of cocaine, over 50 grams of cocaine base, and over one kilogram of heroin, three counts of possession with intent to distribute cocaine and cocaine base, and carrying a firearm during and in relation to a drug trafficking offense. White's convictions were affirmed on appeal. *United States v. Carpenter,* Nos. 92–5100, 92–5101, 92–5109, 92–5232, 92–5401, 1993 WL 239009 (4th Cir. June 30, 1993). Since that time, White repeatedly has challenged his firearm conviction in the federal courts in the Fourth and Sixth Circuits. *See United States v. White,* 53 F.Supp.2d 976, 978 (W.D.Tenn.1999). Indeed, White was enjoined from filing any further challenges in the United States District Court for the Western District of Tennessee without prior leave of court. *Id.* at 981.

Here, White filed another habeas petition in the Western District of Kentucky, where he currently is incarcerated, in which he again asserts that he is actually innocent of the firearm offense. The district court dismissed the petition sua sponte as meritless. White filed a timely notice of appeal. On appeal, White reiterates his contention that he is actually innocent of the firearm offense.

Upon de novo review, *see Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999), we affirm the judgment for the reasons stated by the district court in its memorandum opinion and order filed April 3, 2003. Generally, a federal prisoner may challenge a conviction under 28 U.S.C. § 2241 rather than under 28 U.S.C. § 2255 only under highly exceptional circumstances not present here, *Id.* at 755–56. Moreover, petitioner cannot show that he is actually

innocent of his firearm offense. *See Muscarello v. United States*, 524 U.S. 125, 127, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998); *Hilliard v. United States*, 157 F.3d 444, 449 (6th Cir.1998); *Fair v. United States*, 157 F.3d 427, 430 (6th Cir.1998). Accordingly, petitioner's § 2241 petition is meritless in any event.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.